STATE OF NORTH CAROLINA v. FLOYD JACOBS

No. 7617SC550

(Filed 1 December 1976)

**Robbery § 4— attempted armed robbery — insufficiency of evidence**
    The State's evidence was insufficient for submission to the jury in a prosecution for attempted armed robbery where it tended to show only that defendant was present in a hardware store with a pistol in his belt, but there was no evidence of an actual or constructive threat of the use of the pistol or of an express or implied demand for money or other property.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 4 February 1976 in Superior Court, STOKES County. Heard in the Court of Appeals 10 November 1976.

Defendant was convicted of attempted armed robbery. From judgment sentencing him to a term of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Marshall & Hughes, by William F. Marshall and Ronald M. Price, for defendant appellant.*

VAUGHN, Judge.

Defendant contends that his motions to dismiss made at the close of the State's evidence and at the close of all the evidence should have been granted. When considering a motion to dismiss, the evidence for the State, considered in the light most favorable to it, is deemed to be true and inconsistencies or contradictions therein are disregarded. Any evidence of the defendant which is favorable to the State is considered, but his evidence which is in conflict with that of the State is not considered. *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866. The evidence, taken in the light most favorable to the State, is as follows:

On 3 April 1975, Erna Neil was working in Neil Hardware Store located in Walnut Cove, North Carolina. Between 5:30 and 6:00 p.m., defendant entered the store while Miss Neil was at the cash register counting the day's receipts. She asked defendant what he wanted and he stood there staring at her. After about a minute she asked more emphatically if she could help him. At that time defendant pulled his coat either up or back and Miss Neil saw a pistol sticking in his trousers. She screamed for her brother, George, to come to the front of the store. Defendant ran out the front door. When George got to the front of the store, he saw defendant rapidly walking away from the store. Defendant turned and looked at George but did not run. Defendant lived in Walnut Cove and was recognized by George Neil as a "Jacobs," although he did not know his first name. Miss Neil had seen defendant when he was younger but did not recognize him. Defendant was later arrested and identified by both of the Neils as being the person who came in the store at the time in question.

The defendant's testimony, though ambiguous, appears to attempt to show that he went into the Hardware Store to determine whether he could purchase bullets for the pistol. He testified that he walked out of the store, without having heard Miss Neil call for her brother, because he did not have the money to buy the bullets at that time.

In pertinent part, G.S. 14-87 provides:

"Any person . . . who, having in possession or with the use or threatened use of any firearms . . . whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another . . . person . . . shall be guilty of a felony. . . ."

In this case, therefore, the State was required to show that defendant endangered or threatened the life of Miss Neil by the possession, use or threatened use of a pistol and that he attempted to take money or other personal property from her.

We hold that the State failed to offer substantial evidence of all material elements of the offense.

"Proof of the defendant's presence in a place of business, his possession therein of a firearm and his intent to commit the offense of robbery is not sufficient to support a conviction of the offense described in G.S. 14-87, for it omits the essential elements of (1) a taking or attempt to take personal property, and (2) the endangering or threatening of the life of a person." *State v. Evans* and *State v. Britton* and *State v. Hairston*, 279 N.C. 447, 183 S.E. 2d 540.

The evidence does no more than place defendant in the hardware store with a pistol in his belt. He had no accomplice. He did not make a gesture indicating an intent to touch, withdraw or otherwise threaten the use of the pistol. There was, therefore, no threat, actual or constructive, of the use of a deadly weapon. He did not make a demand, express or implied, for money or other property. The evidence raises a suspicion that defendant may have intended to commit a robbery or other crime but falls short of showing an overt act in furtherance of an intent to rob. If the evidence is only sufficient to raise a suspicion or conjecture as to whether the offense charged was committed, the motion for nonsuit should be allowed even though the suspicion so aroused is strong. *State v. Evans*, and *State v. Britton* and *State v. Hairston, supra.*

Defendant's motions for nonsuit should have been allowed.

Reversed.

Judges BRITT and MARTIN concur.