STATE OF NORTH CAROLINA v. FRANKLIN J. SIMMONS

No. 828SC66

(Filed 2 November 1982)

1. **Searches and Seizures § 43— motion to suppress evidence on constitutional grounds — untimely**

    G.S. 15A-975 requires that a motion to suppress evidence on constitutional grounds be made prior to trial unless certain specified exceptions apply; therefore, the trial judge correctly determined that defendant's motion to suppress was untimely made where the motion was made after the jury had been selected and empaneled and where defendant had not shown that any exceptions in G.S. 15A-975 applied to his case. Further, the motion to suppress was not in proper form since the motion was not accompanied by an affidavit containing facts supporting it.

2. **Gambling § 3— lottery — sufficiency of evidence**

    Where the person who testified that he was dealing in lottery tickets at the time he was arrested stated that he would have paid the defendant if any one of the numbers shown on a torn piece of cardboard had been selected in the lottery and defendant had presented the piece of cardboard to him, the evidence was sufficient to be submitted to the jury on whether possession of the piece of cardboard came within the prohibition of G.S. 14-290.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 28 August 1981 in Superior Court, LENOIR County. Heard in the Court of Appeals 1 September 1982.

Defendant was charged with possession of a lottery ticket in violation of G.S. 14-290. He was convicted in District Court, and he appealed to Superior Court where he was tried before a jury.

State's evidence tended to show that on the afternoon of 18 February 1981 several law enforcement officers went to a snack bar located at 402 East Bright Street in Kinston to execute a search warrant for the building and the operator of that business. They found four men in the building, including the defendant who was then a police officer for the City of Kinston. The officers found numbers tickets and a numbers book in the building and on the person of Everette Mattocks, the operator of the snack bar. They asked the occupants of the building to empty their pockets, and the defendant produced a torn piece of cardboard paper with eight three-digit numbers written on it. Defendant was arrested. At the police station he was advised of his rights and asked if he wanted to make a statement. Defendant replied "when your hand

is caught in the cookie jar, you are caught." Defendant also said he would "take it [his punishment] like a man" if convicted. Defendant was then asked if they were dealing in numbers at the snack bar, and he replied that they were.

Everette Mattocks, testifying for the State, stated that he was dealing in lottery tickets at the time he was arrested, that he had sold numbers to the defendant on the day of the arrest, and that he would have paid the defendant if any one of the numbers shown on the torn piece of cardboard had been drawn in the lottery. Finally, the State called an S.B.I. agent to testify as an expert witness about the manner in which numbers lotteries are conducted. He testified that he had never before seen a piece of cardboard used as a lottery ticket, but that it is not surprising to find irregular types of lottery tickets.

The jury found defendant guilty as charged, and a suspended sentence was imposed. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Harry H. Harkins, Jr., for the State.*

*Calvin R. King for defendant appellee.*

BECTON, Judge.

Contending that the warrantless search was illegal, the defendant, on 26 August 1981, the date on which trial began, filed and served on the District Attorney, a motion to suppress the piece of cardboard which contained eight numbers. The trial transcript indicates that after the jury had been selected and impaneled to try this case, defense counsel made his motion to suppress. The assistant district attorney argued that the motion was untimely, and the trial judge denied it without conducting a hearing. At the close of the State's evidence, defense counsel renewed his motion to suppress, and the judge then allowed him to present evidence on *voir dire.* The prosecutor again argued that the motion had not been made in a timely manner. The judge made findings of fact and conclusions of law and denied the motion. One of his conclusions was "that the motion to suppress [was] untimely."

[1] By the first argument in his brief, the defendant contends that his motion was properly made on the day trial began. De-

fendant has filed a motion for appropriate relief with this Court
in which he addresses the merits of his motion to suppress.

The Legislature may impose reasonable prerequisites on mo-
tions to suppress evidence, and the failure to meet such re-
quirements constitutes a waiver of the right to challenge the
evidence on constitutional grounds. *State v. Detter,* 298 N.C. 604,
616, 260 S.E. 2d 567, 577 (1979). N.C. Gen. Stat. § 15A-975 re-
quires that a motion to suppress evidence on constitutional
grounds be made prior to trial unless certain specified exceptions
apply. The exceptions are (1) when the defendant does not have a
reasonable opportunity to make the motion before trial; (2) when
the State does not give defendant sufficient advance notice of its
intention to use the evidence and (3) when additional facts are
discovered after a pre-trial motion has been denied that could not
have been discovered with reasonable diligence before. G.S.
§ 15A-975; *State v. Satterfield,* 300 N.C. 621, 268 S.E. 2d 510
(1980). The last sentence of the statute reads: "When a misde-
meanor is appealed by the defendant for trial de novo in superior
court, the State need not give the [advance] notice . . ." of its in-
tention to use the evidence. The Official Commentary to the
statute explains this provision as follows:

> The final sentence of the section was somewhat mis-
> placed in the course of amendment in the General Assembly.
> It indicates that the advance notice in search and confession
> cases is not required when misdemeanors are tried de novo
> in superior court. Presumably the State would have already
> utilized, or have attempted to utilize, the evidence in the trial
> in district court, and notice would be unnecessary. Therefore,
> the general rule would apply: Any motion to suppress would
> have to be made before trial unless some other exception per-
> tained in that case.

We agree with this interpretation. A defendant may move to
suppress for the first time during trial if advance notice is re-
quired but not given. However, when a misdemeanor is tried *de
novo* in superior court, no advance notice is required if the State
has utilized the evidence in the trial in district court. Then the
second exception listed above simply does not apply. In order for
a defendant in such a case to make a motion to suppress at trial,
he must come within one of the other exceptions.

The defendant has the burden of establishing that he made his motion to suppress in a timely manner and in proper form. *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510; *State v. Drakeford*, 37 N.C. App. 340, 345, 246 S.E. 2d 55, 59 (1978). The defendant herein has not shown that any exception applies to his case. G.S. 15A-975 therefore required that his motion to suppress be made "prior to trial," *i.e.,* prior to the attachment of jeopardy. *State v. Tate*, 300 N.C. 180, 265 S.E. 2d 223 (1980). The record on appeal does not show such to be the case herein.

We conclude that the trial judge was correct in denying the motion without a hearing and in subsequently concluding that the motion was untimely. Thus, we need not consider the constitutional issues raised by defendant's motion to suppress since an alternative ground exists upon which the case may properly be decided and since the trial court invoked this alternative ground in ruling on the motion. *Cf. Detter*, 298 N.C. 604, 260 S.E. 2d 567, in which our Supreme Court found it necessary to reach the constitutional issue presented even though the motion had not been timely made since the trial court had not overruled the motion on that basis.

In addition to being timely, a motion to suppress evidence must also be in proper form. "[A] motion to suppress made at trial, whether oral or written, should state the legal ground upon which it is made and should be accompanied by an affidavit containing facts supporting the motion." 300 N.C. at 625, 268 S.E. 2d at 514. A motion without such a supporting affidavit may be summarily denied. *Id.* The record in this case does not contain an affidavit. The failure to file a "supporting" affidavit provides an additional and sufficient ground for upholding the trial court's ruling. Defendant's first argument on appeal is overruled, and his motion for appropriate relief is denied.

In his second argument on appeal, the defendant contends that the trial judge improperly limited his right to cross-examine the State's witnesses. He cites five exceptions. We summarily reject defendant's second argument. Indeed, in most instances the record fails to show what the witnesses' answers would have been had defendant's cross-examination been allowed. In another instance the witness answered defense counsel's question, and there was no motion to strike.

State v. Simmons

By his third argument the defendant contends that the State was allowed to present evidence of prior misconduct on his part. However, the exceptions cited do not support such an argument. The exceptions are to testimony by Everette Mattocks to the effect that Mattocks was dealing in a lottery, that there were two drawings per day in the lottery, that Mattocks would have paid defendant had any one of the numbers shown on the piece of cardboard been drawn in the lottery, and that defendant would have won $225 on a $50 bet. This testimony was relevant and was properly admitted. The testimony does not tend to show any prior misconduct on the part of defendant, and this argument is overruled.

Defendant's fourth argument concerns the testimony of the expert witness, J. G. Berrier, as to the manner in which lotteries are conducted. Defendant contends that such testimony was irrelevant and could not assist the jury. We disagree. The jury had to decide whether the defendant possessed a ticket used in the operation of a lottery. Evidence concerning the operation of a lottery was therefore relevant. Berrier's testimony was properly admitted.

[2] Finally, the defendant argues that the charge should have been dismissed since the State's evidence was insufficient to show that the torn piece of cardboard was a lottery ticket. He notes that this piece of cardboard was unlike the other lottery tickets seized during the search. We find the evidence sufficient to warrant submission of the case to the jury.

N.C. Gen. Stat. § 14-290 defines more than one violation of the law. Defendant was charged under the sentence that provides, "Any person who shall have in his possession any tickets, certificates or orders used in the operation of any lottery shall be held liable under this section, and the mere possession of such tickets shall be prima facie evidence of the violation of this section." The first clause of this sentence creates a separate offense that is applicable to those participating in a lottery as well as to those conducting the lottery. This offense comprises the possession of tickets, certificates or orders that are used in the operation of a lottery. A lottery is "any scheme for the distribution of prizes, by lot or chance, by which one, on paying money or giving any other thing of value to another, obtains a token which entitles

him to receive a larger or smaller value, or nothing, as some formula of chance may determine." *State v. Lipkin,* 169 N.C. 265, 271, 84 S.E. 340, 342 (1915). A lottery ticket entitles the holder to demand and receive one of the prizes awarded. *See* 54 C.J.S., *Lotteries* § 1 (1948). It "is a thing which is the holder's means of making good his rights. The essence of it is that it is in the hands of the other party to the contract with the lottery as a document of title." *Francis v. United States,* 188 U.S. 375, 377-78, 47 L.Ed. 508, 510, 23 S.Ct. 334, 335 (1903). In the present case Mattocks testified that he would have paid the defendant if any one of the numbers shown on the piece of cardboard had been selected in the lottery and defendant had presented the piece of cardboard to him. The evidence was therefore sufficient to be submitted to the jury as to whether possession of the piece of cardboard came within the prohibition of G.S. 14-290.

In defendant's trial, we find

No error.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.