STATE OF NORTH CAROLINA v. ANTHONY RAY HARRIS

No. 832SC1188

(Filed 6 November 1984)

**1. Searches and Seizures § 43— denial of motion to suppress—affidavit not timely**
    Where defendant filed a pretrial motion to suppress without the affidavit required by G.S. 15A-977(a), then moved to amend the motion and file the affidavit during trial, defendant's motion to suppress was not in proper form, the motion to amend was not timely, and the court's denial of the motions was within its discretion. G.S. 15A-972.

**2. Searches and Seizures § 45— motion to suppress—no voir dire—proper**
    The trial court properly denied defendant's motion to suppress without a *voir dire* hearing where defendant did not contend and the record did not show that he did not have a reasonable opportunity to make the motion before trial, or that the State did not give sufficient notice of its intention to use such evidence, or that additional facts had been discovered since a pretrial denial of the motion which could not have been discovered before determination of the motion. G.S. 15A-975(a), (b), (c).

**3. Robbery § 4.3— attempted armed robbery—evidence sufficient**
    In a prosecution for attempted armed robbery, the evidence was sufficient to go to the jury and supports the verdict of guilty where the victim testified that defendant approached and stopped him; ordered him to empty his pockets; pulled a pistol partly out of a pocket so that the victim saw the hammer and handle of the gun; again told the victim to empty his pockets; and left after the victim, because of the gun, emptied his pockets of all that he had on him, three pennies.

**4. Criminal Law § 138— aggravating factors—prior convictions—no objection to evidence**
    The trial court did not err in considering prior convictions in aggravation where defendant made no challenge to the admissibility of evidence of the prior convictions. G.S. 15A-1340.4(a)(1)(l).

APPEAL by defendant from *Smith, Judge*. Judgment entered 3 May 1983 in the Superior Court, BEAUFORT County. Heard in the Court of Appeals 17 September 1984.

Defendant was tried upon indictment proper in form charging him with attempted armed robbery. From a jury verdict of guilty and the imposition of an active sentence, defendant appeals.

*Attorney General Rufus L. Edmisten, by William F. Briley, Assistant Attorney General, for the State.*

*McLendon and Partrick, by Christopher B. McLendon, for defendant.*

JOHNSON, Judge.

The State's evidence tended to show that on 16 December 1982, defendant approached Willie Cox and while partially exhibiting a pistol to Willie Cox, ordered him to empty his pockets. Cox, upon seeing the partially concealed pistol, complied with defendant's demand and emptied his pockets, disclosing three pennies he had with him. Upon seeing that Cox had only three pennies, defendant stated, "That ain't crap" and left.

Defendant testified in his own behalf and denied any involvement or even seeing Cox on the date in question. Defendant also presented evidence of two alibi witnesses.

Defendant contends the trial court erred in dismissing defendant's motion to suppress and in failing to conduct a *voir dire* hearing on the question of identification.

On 2 March 1983, defendant filed a pretrial motion to suppress any identification testimony on the grounds that the pretrial identification procedures violated defendant's constitutional right to counsel and due process of law. The motion was not accompanied by an affidavit. No action was taken regarding the motion prior to trial. During trial, defendant lodged a general objection to the in-court identification testimony of the victim. Defendant also moved to have a *voir dire* hearing and moved to file a motion entitled "Amendment to Motion to Suppress-Affidavit." The court denied defendant's motion to amend, denied his motion for a *voir dire* hearing, and summarily denied and dismissed defendant's pretrial motion to suppress.

[1] The exclusive method of challenging evidence on grounds that its exclusion is constitutionally required is a motion to suppress made in compliance with the procedural requirements of Article 53 of Chapter 15A of the General Statutes. *State v. Jeffries*, 57 N.C. App. 416, 291 S.E. 2d 859, *cert. denied and appeal dismissed*, 306 N.C. 561, 294 S.E. 2d 374 (1982). G.S. 15A-977(a)

provides in pertinent part that a pretrial motion to suppress evidence in Superior Court *must* (1) be in writing, (2) state the grounds upon which it is made and (3) be accompanied by an affidavit containing facts supporting the motion.

We note at the outset that the court's ruling on the defendant's motion to amend was within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. 1 Strong's N.C. Index, Appeal and Error, § 54.1, pp. 332-33. The statute requires that the affidavit be filed with the motion to suppress *before* trial. Defendant's motion to amend was not timely. We find no abuse of discretion in the court's ruling.

Defendant argues that the trial court erred by summarily denying and dismissing his pretrial motion to suppress. We disagree. The trial court summarily denied and dismissed defendant's pretrial motion to suppress on the ground that it was not accompanied by an affidavit. Our Courts have held that a motion to suppress pursuant to G.S. 15A-972 and 15A-977, which is not accompanied by an affidavit containing facts supporting it, is not proper in form and may therefore be summarily dismissed. *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980); *State v. Simmons*, 59 N.C. App. 287, 296 S.E. 2d 805 (1982), *cert. denied*, 307 N.C. 701, 301 S.E. 2d 395 (1983). This assignment is without merit.

[2]   Defendant also argues that notwithstanding the dismissal of his pretrial motion to suppress, the trial court erred in not conducting a *voir dire* hearing in light of his objection and in light of his oral motion at trial for a *voir dire* hearing. We find this argument to be without merit.

G.S. 15A-975(a)(b) and (c) provide in pertinent part that a defendant may move to suppress evidence at trial *only* if defendant demonstrates (a) that he did not have a reasonable opportunity to make the motion before trial; or (b) that the State did not give defendant sufficient notice of the State's intention to use such evidence; or (c) that after a pretrial determination and denial of the motion, additional facts have been discovered which could not have been discovered with reasonable diligence before determination of the motion. Our Courts have held that when none of the exceptions to making the pretrial motion to suppress applies, failure to make the pretrial motion pursuant to statute constitutes a waiver by defendant of his objections to the admission

of the evidence. *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980); *State v. Drakeford*, 37 N.C. App. 340, 246 S.E. 2d 55 (1978). Defendant does not contend nor does the record reveal that any of the exceptions are applicable here. We conclude that the trial court did not abuse its discretion in the denial of defendant's motion to amend and that the court was correct in denying and dismissing defendant's motions to suppress without conducting a *voir dire* hearing.

[3] Defendant contends the court erred in failing to dismiss the attempted armed robbery charge for reasons of insufficiency of the evidence and in its denial of defendant's motion to set aside the verdict as contrary to the weight of the evidence. Defendant argues that under the State's evidence there is no showing that defendant committed an overt act designed to bring about a robbery, thereby endangering or threatening Cox's life.

Willie Cox testified that on 16 December 1982, the defendant approached and stopped him and ordered him to empty his pockets. Defendant then pulled a pistol partially out of his pocket and again told him to empty his pockets. Cox testified further that although defendant did not remove the pistol entirely from his pocket, he removed it "so I could see it"; that he in fact saw the handle and hammer of the gun and that he emptied his pockets as defendant ordered because of the gun defendant had. Upon seeing that Cox had only three pennies on him, defendant stated, "That ain't crap" and left. Defendant's exhibition of the pistol so that Cox could see it while at the same time demanding that Cox empty his pockets clearly constitute overt acts calculated and designed to bring about a robbery, and clearly conveyed the message that Cox's life was being threatened. The evidence was sufficient to go to the jury and supports the verdict. Accordingly, the court's denial of defendant's motion to dismiss was correct. *See State v. Green*, 2 N.C. App. 170, 162 S.E. 2d 641 (1968). *Compare State v. Jacobs*, 31 N.C. App. 582, 230 S.E. 2d 550 (1976). The court also properly denied defendant's motion to set aside the verdict. Where there is sufficient evidence to support the verdict, the trial court acts within its discretion in denying defendant's motion to set aside the verdict. *State v. Shepherd*, 288 N.C. 346, 218 S.E. 2d 176 (1975).

[4] Next, defendant contends the court erred in considering in aggravation G.S. 15A-1340.4(a)(1)(o) (that defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement). We disagree.

For purpose of sentencing, the court considered and found as a factor in aggravation defendant's prior convictions consisting of resisting arrest, damage to personal property, and three convictions of misdemeanor larceny. The court found that the factors in aggravation outweighed the factors in mitigation and imposed a sentence greater than the presumptive. In *State v. Thompson,* 309 N.C. 421, 307 S.E. 2d 156 (1983), the Court held that the initial burden of challenging the admissibility of evidence of defendant's prior convictions rests upon the defendant; that defendant may challenge the evidence prior to trial by motion to suppress or he may challenge the evidence in the first instance at the time of the offer of proof by the State. In the case at bar, defendant made no challenge of the admissibility of evidence of his prior convictions for consideration as an aggravating factor in sentencing. This assignment of error is without merit.

By his final assignment of error, defendant assigns error to alleged improprieties in the prosecutor's jury argument. We have carefully reviewed this assignment and the record and find it to be without merit.

In the trial of defendant's case we find

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.