STATE OF NORTH CAROLINA v. WILLIAM HERMAN GOLDEN

No. 8828SC1430

(Filed 7 November 1989)

Searches and Seizures § 43 (NCI3d) — motion to suppress evidence — untimeliness — waiver of right to contest constitutionality on appeal

When defendant's motion to suppress evidence was not timely, was not in writing, and was not supported by an affidavit, it failed to meet the requirements of N.C.G.S. § 15A-977,

STATE v. GOLDEN

[96 N.C. App. 249 (1989)]

and such failure amounted to waiver of defendant's right to contest on appeal the admission of evidence on statutory or constitutional grounds.

**Am Jur 2d, Motions, Rules, and Orders §§ 11-16.**

APPEAL by defendant from *Sherrill, W. Terry, Judge.* Judgment entered 18 August 1988 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 30 August 1989.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Alley, Hyler, Killian, Kersten, Davis & Smathers, by Robert P. Tucker, II, for defendant-appellant.*

JOHNSON, Judge.

On 12 December 1987, at approximately 7:00 p.m., defendant William Herman Golden was driving his automobile on I-40 in Buncombe County. Ray Anders, who is a Biltmore Estates policeman or security guard and also is a Buncombe County special deputy, was on his way home from work at the same time. He noticed that defendant was driving erratically and observed defendant's vehicle weaving from the right side of the road, then across the center line, then back to the right lane. Officer Anders observed this several times as he followed defendant's vehicle for one-quarter to one-half mile. He decided to stop the vehicle and turned on his siren for a minute to a minute and a half before defendant stopped. Upon approaching defendant's vehicle, Officer Anders found a small child in the car with defendant. He also observed a strong odor of alcohol on defendant. Officer Anders asked defendant to step out of his car and perform a sobriety test of touching his fingers to his nose while his eyes were closed. Defendant was unable to do this. Anders decided that defendant should not be driving and radioed for a Highway Patrolman. He also detained defendant until Trooper Kerr arrived about five minutes later. Defendant was not on Biltmore Estates property during the time Officer Anders observed and stopped him.

Officer Anders informed Trooper Kerr of what he had observed and defendant later stipulated that Trooper Kerr made an independent determination of defendant's condition. Trooper Kerr took defendant into custody, brought him to the courthouse, and put him through the usual processing procedures. Defend-

ant submitted to a breathalyzer test which showed an alcohol concentration of 0.17.

Defendant was charged with driving while impaired in violation of G.S. sec. 20-138.1 and failing to have automobile liability insurance in full force and effect in violation of G.S. sec. 20-313. Defendant pleaded not guilty to both counts in district court on 7 March 1988 and was found guilty of both counts. The district court imposed a 60-day sentence suspended for one year upon conditions. Defendant appealed to superior court for a trial de novo.

Defendant's case came on for trial at the 18 August 1988 session of superior court. Prior to jury selection, defendant orally moved to dismiss the charges on the grounds that his arrest was illegal and unconstitutional and that therefore, defendant claimed, any evidence derived therefrom should be excluded. The court denied the motion and defendant entered a plea of guilty on the DWI charge. The superior court judge imposed a 30-day sentence suspended for one year upon condition that defendant be incarcerated for 24 hours, and pay a $50 fine and costs. Defendant appealed to this Court in apt time.

By this appeal defendant argues that the trial court erred in denying his motion to dismiss. In addressing this question, we first note that G.S. sec. 15A-1444(e) states, in pertinent part, the following:

> Except as provided in subsection (a1) of this section [not applicable to this case] and G.S. 15A-979, . . . the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

Pursuant to this provision, we must conclude that defendant has no right to review of a motion to dismiss because he entered a plea of guilty in superior court. He also has not petitioned for review by writ of certiorari. However, the substance of defendant's motion, which we believe is correctly denominated a motion to suppress evidence, actually falls under the exception quoted above for G.S. sec. 15A-979. *State v. Satterfield*, 300 N.C. 621, 268 S.E.2d 510 (1980). That provision states in subsection (b) that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judg-

ment entered upon a plea of guilty." Subsection (d) of G.S. sec. 15A-979 also provides that a motion to suppress is the "*exclusive method* of challenging the admissibility of evidence upon the grounds specified in G.S. 15A-974." (Emphasis added.) The grounds for suppression in G.S. sec. 15A-974 are if exclusion is required by the Constitution of the United States or the Constitution of North Carolina, or if the evidence was obtained as a result of a substantial violation of Chapter 15A of the General Statutes, the Criminal Procedure Act.

Defense counsel stated at trial that he moved to dismiss "for the fact that there is not evidence in this case that was Constitutionally obtained that would lead to a conviction." He went on to contend that the stopping of defendant on I-40 by Anders was an illegal and unconstitutional arrest, and "as such any testimony derived therefrom would be excluded under the United States Constitution and the North Carolina Constitution." Clearly, defendant was challenging the admissibility of evidence, presumably the result of the breathalyzer test, on constitutional grounds. Therefore, pursuant to G.S. sec. 15A-979(d), defendant's exclusive method for doing this was a motion to suppress evidence.

Our review of the record discloses that defendant failed to take the steps necessary to move to suppress evidence. G.S. sec. 15A-977(a) states in part that

> [a] motion to suppress evidence in superior court made before trial must be in writing and a copy of the motion must be served upon the State. The motion must state the grounds upon which it is made. The motion must be accompanied by an affidavit containing facts supporting the motion.

G.S. sec. 15A-975(a) also provides that such a motion must be made *prior* to trial "unless the defendant did not have reasonable opportunity to make the motion before trial," or when defendant has not received the prescribed statutory notice from the State of its intention to use the evidence, or when additional pertinent facts are discovered during trial. *State v. Satterfield, supra.* Neither of these last two exceptions applies to the instant case, and defendant had ample opportunity to move to suppress since over five months elapsed between defendant's trial in district court and his superior court trial. No advance notice by the State of its intention to use evidence is required when a misdemeanor is appealed for trial de novo in superior court, as in the instant case. G.S. sec.

15A-975(c) and Official Comment; *State v. Simmons*, 59 N.C. App. 287, 296 S.E.2d 805 (1982), *cert. denied*, 307 N.C. 701, 301 S.E.2d 395 (1983).

Treating defendant's motion to dismiss as one to suppress evidence, defendant has the burden of establishing that the motion was proper in form and timely as set forth above. *State v. Holloway*, 311 N.C. 573, 319 S.E.2d 261 (1984). Defendant's motion was untimely, not in writing, and not supported by an affidavit. Our Supreme Court has held that a defendant's failure to meet the requirements of G.S. sec. 15A-977 waives his right to contest on appeal the admission of evidence on statutory or constitutional grounds. *Id.* Defendant has totally failed to comply with these statutory requirements and has therefore waived his right to appeal.

Dismissed.

Judges EAGLES and GREENE concur.