STATE OF NORTH CAROLINA v. DELMAR SUMMERS

No. 9118SC400

(Filed 18 February 1992)

**1. Constitutional Law § 360 (NCI4th)— requiring defendant to display teeth to jury**

The trial court did not err in ordering defendant to stand and display his teeth to the jury in a rape and sexual offense prosecution in which the victim described her assailant as a man with missing teeth.

**Am Jur 2d, Criminal Law §§ 945, 946.**

**Propriety of requiring criminal defendant to exhibit self, or perform physical act, or participate in demonstration, during trial and in presence of jury. 3 ALR4th 374.**

**2. Searches and Seizures § 43 (NCI3d)— seized evidence—absence of motion to suppress—waiver of right to challenge admissibility**

Defendant waived his right to challenge the admissibility of evidence seized from a "junked" automobile by failing to make a motion to suppress the evidence pursuant to N.C.G.S. § 15A-975.

**Am Jur 2d, Evidence § 425.**

**3. Criminal Law § 750 (NCI4th)— instruction—ascertainment of truth—no shift in burden of proof**

The trial court's instruction to the jury that "the highest aim of every legal contest is the ascertainment of the truth" did not shift the burden of proof to defendant and was not plain error.

**Am Jur 2d, Trial § 1291.**

**4. Constitutional Law § 200 (NCI4th)— double jeopardy—sexual offenses and kidnapping—arrest of kidnapping judgment— discretion of court**

Where defendant was convicted of first degree rape, first degree sexual offense, and first degree kidnapping for the purpose of facilitating the rape and sexual offense, the trial court properly exercised its discretion by arresting judgment on the first degree kidnapping conviction rather than on the

STATE v. SUMMERS

[105 N.C. App. 420 (1992)]

rape or sexual offense convictions in order to avoid placing defendant in double jeopardy.

**Am Jur 2d, Abduction and Kidnapping § 9; Criminal Law §§ 267, 277, 279.**

**Seizure or detention for purpose of committing rape, robbery, or similar offense as constituting separate crime of kidnapping. 43 ALR3d 699.**

APPEAL by defendant from Judgment entered 9 January 1991 by *Judge W. Steven Allen* in GUILFORD County Superior Court. Heard in the Court of Appeals 16 January 1992.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant appellant.*

COZORT, Judge.

Defendant Delmar Summers was convicted of first-degree kidnapping, first-degree rape, and first-degree sexual offense. He was sentenced to life in prison for the first-degree rape and to a consecutive life sentence for the first-degree sex offense. The trial court arrested judgment for the first-degree kidnapping; defendant was sentenced to a further consecutive term of thirty years in prison for second-degree kidnapping. Defendant disputes the following on appeal: (1) the trial court's order forcing the defendant to display his teeth to the jury; (2) the trial court's failure to conduct a hearing on the introduction of evidence seized as a result of a search of a "junked" automobile; (3) the trial court's instruction to the jury that "the highest aim of every legal contest is the ascertainment of the truth"; and (4) the trial court's election to arrest judgment on the first-degree kidnapping conviction rather than on either the rape or sexual offense convictions. We find no error.

The State's evidence tended to show that, on 2 September 1989 some time after midnight, the sixteen-year-old victim and a friend walked a few blocks from the victim's home to Ken's Quickie Mart in Gibsonville, North Carolina. They intended to buy · some snacks. The friend was frightened by a disturbance at a nearby bar and walked home. The victim continued on, went into

the store, purchased chewing gum and chips, and began to head home. As she passed near a phone booth under a light, the defendant grabbed her. She saw him clearly. She noticed he was a short, black, balding male, who had some teeth missing. He was wearing a light striped shirt and blue jeans. Defendant pointed a knife in the victim's back and ordered her to do as he said. He directed her through a fence opening to a railroad storage building. The victim was frightened and did as defendant asked. At the shed, defendant put the knife to the victim's chest, cut off her bra, forced her to undress, and told her to crawl under the outbuilding. The victim complied. Defendant then forced the victim to have anal intercourse, cunnilingus, and two acts of vaginal intercourse with him. After an hour and a half, the defendant left. The victim ran to the Gibsonville Police Department and told the police what had occurred. She was taken to the hospital where she was treated, and then returned to the police station. At the station, she identified the defendant as her assailant from a photographic array of six photos. The police showed the victim a knife and shirt taken from a "junked" automobile and she identified the items as those which were in her attacker's possession.

Dr. W. S. Willcockson testified he examined the victim at 1:50 a.m. on 2 September 1989. He discovered evidence of vaginal and anal intercourse. Officer Mike Woznick of the Elon College Police Department testified he obtained a warrant at 4:00 a.m. on 2 September 1989 to search a junked 1960 blue and white Ford automobile located in the front yard of 402 10th Street in Gibsonville, North Carolina. He recovered a knife and a shirt from the car. The following day, defendant was arrested when an officer recognized him from a police photograph. Defendant offered no evidence.

[1] Defendant initially contends the trial court committed prejudicial error by ordering the defendant to display his teeth to the jury. At one point in the trial, the District Attorney asked for the defendant to stand before the jury and reveal his teeth. Defendant's counsel objected, and defendant refused to comply with the request. The trial court then ordered the defendant to do as ordered. Defendant argues this humiliation caused him irreparable harm. This argument is without merit. A defendant's Fifth Amendment privilege is not violated when he or she is ordered to display himself or herself to the jury. *State v. Perry*, 291 N.C. 284, 291, 230 S.E.2d 141, 145 (1976). As long as the demonstration is relevant

to the facts to be proved or disproved in the case, such a demonstration is permissible. In the case below, the victim described her assailant as a man with missing teeth. The District Attorney's request was therefore relevant to the case and the trial court's order was not error.

[2] Defendant also disputes the trial court's decision not to conduct a hearing on the admissibility of items seized from a "junked" automobile. The trial court ruled, without a hearing, that defendant had no standing to contest the search because he had no ownership interest in the automobile. Defendant failed to make any motion to suppress the evidence pursuant to N.C. Gen. Stat. § 15A-975 (1988). Consequently, defendant has waived his right to challenge the admissibility of the evidence. *State v. Simmons*, 59 N.C. App. 287, 288, 296 S.E.2d 805, 807 (1982), *cert. denied*, 307 N.C. 701, 301 S.E.2d 395 (1983).

[3] Defendant's next argument challenges the trial court's instruction to the jury:

> Now, ladies and gentlemen of the jury, the highest aim of every legal contest is the ascertainment of the truth. Somewhere within the facts of every case, the truth abides, and where truth is, justice steps in, garbed in its robes and tips the scales. In these cases, you have no friends to reward, you have no enemies to punish, you have no anger to appease or sorrow to assuage. Yours is a solemn duty to let your verdicts speak the everlasting truth.

Defendant argues this pattern jury instruction improperly shifts the burden of persuasion to the defendant to prove his innocence. He contends this error mandates a new trial. We disagree. First and foremost, defendant failed to object to this instruction at trial. According to Rule 10(b)(2) of the Rules of Appellate Procedure, defendant has failed to preserve review of this issue on appeal. Defendant, however, claims the trial court's instruction amounted to plain error. We find no plain error. The instruction is employed frequently to bolster the instruction as to reasonable doubt. We cannot ascertain how this instruction prejudiced defendant in any way, and defendant cannot demonstrate how this instruction prompted the jury to convict him for a reason other than from the evidence presented.

**[4]** Finally, defendant maintains the trial court committed error in arresting judgment on the first-degree kidnapping conviction rather than on either the first-degree rape or first-degree sexual offense convictions. Defendant argues the trial court abused its discretion by failing to consider arresting one of the judgments for the sexual assault charges. He now seeks a new sentencing hearing. According to *State v. Freeland*, 316 N.C. 13, 24, 340 S.E.2d 35, 41 (1986), when a defendant is convicted of either rape or sexual offense plus first-degree kidnapping, and the sexual assault is the theory for first-degree kidnapping, one of the judgments must be arrested to avoid placing the defendant in double jeopardy. The arresting of the judgment, however, is purely a matter within the trial judge's discretion. In the case below, the judge chose to arrest judgment on the first-degree kidnapping conviction and enter a judgment of second-degree kidnapping. This, without more, is insufficient to justify a new sentencing hearing. The judgments are affirmed as entered.

No error.

Judges EAGLES and ORR concur.