TIMMONS-GOODSON, Judge.
After reserving the right to appeal the denial of his motion to suppress pursuant to N.C. Gen. Stat. § 15A-979(b) (2003), defendant entered a guilty plea to trafficking in at least 400 grams of cocaine by possession and five lesser narcotics offenses. The trial court consolidated the offenses for judgment and sentenced defendant to an active prison term of 115 to 147 months. On 4 June 2003, we allowed defendant's petition for writ of certiorari to review the judgment. Our order explicitly provided, however, that "[s]uch review shall be limited to the issues within defendant's appeal of right from his guilty plea."
In his sole argument on appeal, defendant claims the trialcourt erred in denying his motion to enforce a prior plea agreement with the State. The record reflects the prosecutor withdrew the earlier plea offer after defendant signed a written agreement but before he entered his plea thereunder. Defendant claims the State should be bound by the earlier plea agreement, in light of his detrimental reliance thereon.
"The right to appeal in a criminal proceeding is purely statutory." State v. Nichols, 140 N.C. App. 597, 598-99, 537 S.E.2d 825, 826 (2000). The appellate rights of a defendant who pleads guilty are defined by N.C. Gen. Stat. § 15A-1444 (2003). See State v. Jarman, 140 N.C. App. 198, 200, 535 S.E.2d 875, 877 (2000). Under § 15A-1444(a1) and (a2), a defendant who pleads guilty may raise the following issues related to his sentence: (1) whether the evidence supports the defendant's sentence, if the sentence is not within the presumptive range; (2) whether the defendant's prior record level or prior conviction level is correctly calculated; (3) whether the type of sentence or term of imprisonment is authorized by statute, based on the defendant's class of offense and prior record or conviction level. In addition to these sentencing issues, N.C. Gen. Stat. § 15A-1444(e) (2003) allows a defendant to appeal the denial of a pre-trial motion to suppress, if he gives notice to the prosecutor and trial court before entering his guilty plea. Finally, a defendant has an appeal of right from the denial of a motion to withdraw his guilty plea. Id. If a defendant who pleads guilty fails to raise issues within this limited appeal of right, his appeal must be dismissed. See State v. Hamby, 129 N.C. App. 366, 369, 499 S.E.2d 195, 196 (1998) (citing State v. Golden, 96 N.C. App. 249, 385 S.E.2d 346 (1989)).
As shown above, the issue raised by defendant lies outside his statutory appeal of right under N.C. Gen. Stat. § 15A-1444 and, therefore, outside the scope of the writ of certiorari issued by this Court on 4 June 2003. Accordingly, we dismiss defendant's appeal.
Appeal dismissed.
Judges CALABRIA and LEVINSON concur.
Report per Rule 30(e).