McCULLOUGH, Judge.
Defendant Lucious Bernard Sullivan, Jr. appeals his conviction of possession of a firearm by a felon in violation of N.C. Gen.Stat. § 14-415.1. On appeal, defendant argues that the trial court erred in denying his motion to suppress. Because defendant failed to file an affidavit to accompany the motion to suppress, in violation of N.C. Gen.Stat. § 15A-977, we hold that he has waived his right to appeal the denial of his motion to suppress on constitutional grounds.
I. Background
On 12 July 2010, defendant was indicted for possession of a firearm by a felon in violation of N.C. Gen.Stat. § 14-415.1.[1]
On 12 May 2014, defendant filed a motion to suppress evidence obtained during the search of his cell phone. On 30 June 2014, defendant filed an amended motion to suppress. Defendant argued that a 4 July 2010 warrantless search of his cell phone was a violation of the Fourth Amendment to the United States Constitution. Defendant also argued that a search warrant of his cell phone, executed on 13 January 2014, was "an effort to overcome or conceal the unlawful search of the cell phone at a trial in this matter."
A hearing on defendant's motion to suppress was conducted at the 23 July 2014 Criminal Session of Cleveland County Superior Court, the Honorable Forrest D. Bridges presiding. Evidence at the hearing indicated that Seth Treadway, an officer with the Shelby Police Department, responded to a call for assistance on 4 July 2010. Officer Treadway was requested to respond to a McDonald's restaurant for a female whose life was in danger. Officer Treadway was looking for a male and female, driving a black Honda. As he was approaching the McDonald's restaurant, Officer Treadway noticed a vehicle that fit that description and initiated a stop of the vehicle. Defendant was in the driver's seat and there was a female in the passenger's seat, identified as Taqunia Collins. Defendant immediately informed Officer Treadway that he did not have a license. Officer Treadway asked defendant to exit the car. Officer Treadway asked defendant if he had any weapons in the car or on his person and defendant responded in the negative. Officer Treadway performed a weapons frisk on defendant and found nothing.
Another officer arrived on the scene and stood with defendant while Officer Treadway spoke with Ms. Collins. Ms. Collins told Officer Treadway, "[p]lease arrest him. He was trying to kill me." Officer Treadway asked Ms. Collins whether she knew if defendant had a weapon and she responded that "he has been known to carry weapons in the past, but she was unsure if he had a weapon [with] him at that time." Ms. Collins was the owner of the vehicle and gave Officer Treadway consent to search her vehicle.
Officer Treadway found a Gucci backpack in the back seat of the driver's side of the vehicle. The backpack contained clothing, toiletries, and a Glock Model 23, .40 caliber pistol with a laser sight. Thereafter, Officer Treadway placed defendant under arrest for carrying a concealed weapon and driving while license revoked. In a search of defendant's person incident to his arrest, Officer Treadway found a cell phone and a Gucci wallet that matched the pattern of the backpack. Upon performing a criminal record check on defendant, Officer Treadway discovered that defendant was a convicted felon and charged defendant with possession of a firearm by a felon. Officer Treadway testified that he looked through defendant's phone while at the law enforcement center. Officer Treadway found photographs in defendant's phone of defendant holding the gun and the Gucci bag that was found in Ms. Collins' vehicle.
Defendant's cell phone was logged into evidence and remained in secure custody until January 2014. In January 2014, Officer Treadway sought a search warrant for defendant's phone based on the advice of the district attorney. He did not include any information received off the phone on 4 July 2010 in the application for the search warrant.
A search warrant was issued on 13 January 2014. A search of the cell phone pursuant to the search warrant revealed one pertinent photograph and two pertinent videos. The photograph was of defendant wearing a red key chain bracelet. A video shows a handgun with a laser sight in the lap of a person wearing what appears to be the same red key chain bracelet as in the photograph of defendant. There is also another video that shows defendant holding the same Gucci backpack found in Ms. Collins' vehicle that contained the gun with the laser sight.
At the conclusion of the hearing, the trial court denied defendant's motion to suppress, stating that it based its decision on the independent source doctrine. The trial court judge concluded that Officer Treadway's "decision to seek the [search] warrant was not prompted by what he had seen during the original search and that the information obtained [from] the original search was not presented" to the judge issuing the search warrant, "nor did it affect his decision to issue the search warrant."
On 24 July 2014, defendant stipulated that on or about 4 July 2010, he "was and is[,] at all times relevant to these proceedings, a convicted felon."
Defendant's case came on for trial on 24 July 2014. Officer Treadway's testimony at trial was substantially similar to that presented at defendant's suppression hearing. Ms. Collins testified that she used to have a romantic relationship with defendant. Ms. Collins testified that on 4 July 2010, she and defendant were riding in her car when they began fighting. She sent her cousin a text message and informed her to call the police. Defendant was driving her vehicle when it was stopped by law enforcement. Officers asked Ms. Collins whether there were any weapons in the car and Ms. Collins testified that she responded "no" even though she "knew there was-I forgot that the gun was in there. I knew that there was a gun in there because I put it in there, but I had forgotten at that moment[.]" Ms. Collins testified that the Gucci backpack belonged to her and that defendant had purchased it for her. Ms. Collins also stated that she had found a gun earlier while cleaning her cousin's apartment and that she had put the gun in her car to keep it away from her cousin's children. Ms. Collins testified that she did not inform officers of the gun she had placed in her car because she did not want defendant to go to jail.
On 25 July 2014, a jury found defendant guilty of possession of a firearm by a felon. Defendant was sentenced as a prior record level III. Defendant was sentenced to a term of 16 to 20 months imprisonment.
Defendant appeals.
II. Standard of Review
Our review of a trial court's motion to suppress is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.
State v. Veal,--- N.C.App. ----, ----, 760 S.E.2d 43, 45 (2014) (citation and quotation marks omitted). "The trial court's conclusions of law, however, are fully reviewable on appeal." State v. Martin,--- N.C.App. ----, ----, 746 S.E.2d 307, 310 (2013) (citation omitted).
III. Discussion
Defendant's sole issue on appeal is whether the trial court erred by denying his motion to suppress evidence obtained from his cell phone pursuant to a 13 January 2014 search warrant. Defendant argues that Detective Treadway's application for the search warrant was based "upon tainted evidence" obtained from a warrantless search of his cell phone on 4 July 2010. Thus, defendant contends that the trial court erred by applying the independent source doctrine to the circumstances of his case.
We first address the State's argument that because the record does not contain a proper motion to suppress, defendant's argument is waived. The State argues that because defendant's motion to suppress was not accompanied by an affidavit as required by N.C. Gen.Stat. § 15A-977(a), he has waived his right to contest on appeal the admission of evidence on statutory or constitutional grounds. We agree.
"The exclusive method of challenging evidence on grounds that its exclusion is constitutionally required is a motion to suppress made in compliance with the procedural requirements of Article 53 of Chapter 15A of the General Statutes." State v. Harris,71 N.C.App. 141, 142, 321 S.E.2d 480, 482 (1984) (citation omitted). N.C. Gen.Stat. § 15A-977 provides as follows:
(a) A motion to suppress evidence in superior court made before trial must be in writing and a copy of the motion must be served upon the State. The motion must state the grounds upon which it is made. The motion must be accompanied by an affidavitcontaining facts supporting the motion. The affidavit may be based upon personal knowledge, or upon information and belief, if the source of the information and the basis for the belief are stated....
N.C. Gen.Stat. § 15A-977(a) (2013) (emphasis added). "The burden is upon the defendant to show that he has complied with the procedural requirements of Article 53." State v. Creason,123 N.C.App. 495, 499, 473 S.E.2d 771, 773 (1996) (citation omitted). When a defendant fails to meet the requirements of N.C. Gen.Stat. § 15A977, he "waives his right to contest on appeal the admission of evidence on statutory or constitutional grounds." State v. Golden,96 N.C.App. 249, 253, 385 S.E.2d 346, 349 (1989) (citation omitted); Harris,71 N.C. App at 143, 321 S.E.2d at 482 (stating that a motion to suppress "which is not accompanied by an affidavit containing facts supporting it, is not proper in form and may therefore be summarily dismissed").
In the present case, defendant filed a motion to suppress on 12 May 2014 asserting that a 4 July 2010 search of his cell phone amounted to a violation of the Fourth Amendment to the United States Constitution. On 30 June 2014, defendant filed an amended motion to suppress citing additional authority for his constitutional claim. The record does not demonstrate that either the 12 May 2014 motion to suppress or the 30 June 2014 amended motion to suppress was accompanied by an affidavit. As such, defendant has waived his right to appeal the denial of his motion to suppress.
DISMISSED.
Judge STEELMAN concurs. Concurred prior to 30 June 2015.
Judge STEPHENS concurs.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 25 July 2014 by Judge Forrest D. Bridges in Cleveland County Superior Court. Heard in the Court of Appeals 6 May 2015.

N.C. Gen.Stat. § 14-415.1(a) (2013) provides that "[i]t shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or weapon of mass death and destruction as defined in G.S. 14-288.8(c). For purposes of this section, a firearm is (i) any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive, or its frame or receiver, or (ii) any firearm muffler or firearm silencer."