STATE OF NORTH CAROLINA v. TERRY LAMOUNT BARNES

No. 858SC24

(Filed 1 October 1985)

1. **Criminal Law § 99.6— incest—court's social contact with the victim's doctor— no expression of opinion as to credibility**

The trial court did not express an opinion as to the credibility of a witness in a prosecution for incest where, at the close of the victim's doctor's

State v. Barnes

testimony, the court stated, "Members of the jury, I need to speak to Dr. Mintz. He is originally from Wilmington and I want to say something to him . . . . ," although the better practice would be for trial judges to avoid all contact of a social nature with witnesses at the trial.

**2. Criminal Law § 99.6— incest—comment by court—no prejudicial error**

The trial court in a prosecution for incest did not express an opinion as to defendant's character and as to defendant's defense where, following testimony concerning injuries inflicted on other children by the victim, the court said, "We're not trying him for child abuse." Although the trial court's remark seems to lack logical relevance to the conduct of the trial and appears to have been entirely gratuitous, it was not prejudicial conduct.

**3. Incest § 1— incidents between defendant's father and sisters—irrelevant—no objection at trial**

Although questions as to incestuous conduct between defendant's father and sisters were irrelevant to defendant's trial for incest with his daughter, defendant's failure to object at trial failed to preserve the question for review. Rules of App. Procedure Rule 10(1)(l).

**4. Incest § 1; Criminal Law § 85.2— incest—evidence of defendant's bad character —admissible**

Evidence that the victim was afraid of her father because he was mean was admissible in a prosecution for incest to explain why the victim had not told her mother about the incident and was not elicited to show the bad character of defendant. G.S. 8C-1, Rule 402.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered in LENOIR County Superior Court 11 October 1984. Heard in the Court of Appeals 17 September 1985.

Defendant was convicted of felonious incest. At trial, the State's evidence tended to show that defendant engaged in sexual intercourse with his thirteen-year-old daughter, Roshelle. The testimony of the victim was supported by the testimony of Dr. Rudolph Mintz, who examined the victim and testified that Roshelle told him that her father had intercourse with her, and who testified that his examination of Roshelle indicated she had experienced sexual activity on a regular basis. Roshelle testified as to other occasions of intercourse with her father.

Defendant denied having had any sexual intercourse with his daughter and offered other evidence tending to exculpate him of the offense.

From a sentence of imprisonment entered on the jury's verdict, defendant has appealed.

*Attorney General Lacy H. Thornburg, by Sueanna P. Peeler, Assistant Attorney General, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender David W. Dorey, for defendant-appellant.*

WELLS, Judge.

[1] In his first assignment of error, defendant contends that the trial court erred by expressing opinions as to the credibility of Dr. Mintz. Defendant correctly states the rule that a trial judge should not by words or conduct express or suggest an opinion as to the credibility of a witness. *See State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481 (1966) and cases cited and discussed therein. *See also State v. Myers,* 309 N.C. 78, 305 S.E. 2d 506 (1983); *State v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378 (1946). In this case, at the close of Dr. Mintz's testimony, the following occurred:

> Court: Members of the jury, I need to speak to Dr. Mintz. He is originally from Wilmington and I want to say something to him . . .

A brief recess then followed. Although we suggest that in order to avoid even the suggestion of expressing an opinion, the better practice would be for trial judges to avoid all contact of a social nature with witnesses at a trial, especially in the presence of the jury, we cannot agree that in this instance the conduct and remarks of Judge Barefoot constituted an expression of opinion as to the credibility of Dr. Mintz.

[2] Also, under this assignment, defendant contends that the trial court erred in expressing an opinion as to defendant's character and as to defendant's defense at trial. The conduct complained of occurred during the examination of defendant's wife, Joyce Barnes:

> Q. Has Roshelle admitted doing any other things to your children, hurting them or injuring them in any fashion?
>
> A. Yes, sir. One day I was in the kitchen and when I came back in Felicia had a burn on her face and I asked her what happened. She said Roshelle did it.
>
> Q. As a result of talking with Felicia?

A. I asked Roshelle about it.

Q. About the place on Felicia's face?

A. Yes, sir.

Court: We're not trying him for child abuse.

Defendant contends the trial court's remark was of a derogatory nature and could only have been construed by the jury as revealing the court's poor opinion of the defendant's character; and that the remark, interrupting questioning by defendant's counsel, as it did, belittled counsel in the eyes of the jury. Although the trial court's remark seems to lack logical relevance to the conduct of the trial and appears to have been entirely gratuitous, we do not construe it as prejudicial conduct.

This assignment is overruled.

[3] In another assignment, defendant contends that the trial court erred in permitting the district attorney to cross-examine defendant as to purported incidents of incestual conduct involving defendant's father and sisters. The following questions and answers occurred at the close of the cross-examination of defendant:

Q. Did you have any difficulty in your home growing up?

A. No, sir.

Q. As far as your sisters and your father?

A. Not as far as I know.

Q. Isn't it true that this sort of thing occurred between your father and your sisters growing up?

A. If it did I don't remember.

Q. Did you ever hear about this sort of thing happening between between [sic] your sisters and father growing up?

A. I don't know. I don't remember.

Defendant did not object to this testimony at trial. While we agree with defendant that the questions were not relevant to the offense for which defendant was being tried, by defendant's failure to object to this question he has failed to preserve this question for review. *See* Rule 10(b)(1) of the Rules of Appellate Procedure.

**[4]** In another assignment of error, defendant contends that the trial court erred in allowing the State to introduce evidence of defendant's bad character in its case-in-chief. The disputed testimony occurred when the district attorney was in the process of eliciting from the victim information as to whom she had told that her father had accomplished sexual intercourse with her. At one point, the district attorney inquired as to whether Roshelle had told her mother about the incident. When Roshelle answered in the negative, she was asked whether she was afraid of her father. When she replied in the affirmative, she was asked why, to which question she responded by saying that her father was mean. Defendant argues that this testimony violated the provision of N.C. Gen. Stat. § 8C-1, Rule 404(a) of the Rules of Evidence, which provides that evidence of a person's character or a trait of his character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion. We disagree. The disputed testimony was not elicited to show the bad character of defendant, but to explain why Roshelle had not told her mother about the incident. We find it to be relevant for that purpose. *See* N.C. Gen. Stat. § 8C-1, Rule 402 of the Rules of Evidence.[1] This assignment is overruled.

In defendant's trial, we find

No error.

Judges WHICHARD and PHILLIPS concur.

---

1. *Rule 402.* All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of North Carolina, by Act of Congress, by Act of the General Assembly or by these rules. Evidence which is not relevant is not admissible.