STATE OF NORTH CAROLINA v. VANNA ELIZABETH LANGDON

No. 8818SC1064

(Filed 20 June 1989)

**1. Searches and Seizures § 43— motion to suppress—not accompanied by affidavit—summarily denied**

The trial court did not abuse its discretion in a narcotics prosecution by denying defendant's initial motion to suppress evidence where the motion was unverified and unaccompanied by an affidavit as required by N.C.G.S. § 15A-977.

**2. Searches and Seizures § 43— narcotics—motion to suppress—affidavit insufficient**

There was no prejudicial error in a narcotics prosecution from the denial of defendant's motion to suppress evidence where defendant's initial motion was denied for failure to file an affidavit supporting the motion; defendant's second motion contained an additional allegation for suppression, so that the trial court erred in denying the motion on the premise that one trial court cannot overrule another in the same case; and there was no prejudice because the affidavit accompanying the second motion did not support the additional allegation for suppression. Defendant alleged that the affidavit supporting the warrant contained false information which was or should have been known to the applicants, but her affidavit contained no supporting facts and merely attempted to point out factual inaccuracies in the officers' application for the warrant. N.C.G.S. § 15A-978(a).

APPEAL by defendant from *Helms (William H.), Judge.* Judgment entered 30 June 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 March 1989.

Defendant was indicted on one count of felony possession of cocaine, one count of misdemeanor possession of triazolam (a Schedule IV controlled substance) and one count of misdemeanor possession of alprazolam (a Schedule IV controlled substance). The physical evidence supporting these indictments was seized from defendant's apartment during a search pursuant to a search warrant. Before trial defendant moved to suppress the evidence seized, on the grounds that there was insufficient evidence to find probable cause and the

information contained in the warrant application was stale. No affidavit was originally submitted with defendant's motion to suppress. At a hearing on defendant's motion, the State requested that the motion be summarily denied for failure to comply with the requirements of G.S. 15A-977. From the transcript it is apparent that defendant's counsel was surprised by the State's request. Defendant asked for a recess to "read these cases and come back and meet [the State's] motion." The trial court allowed a recess until the following morning. The next day defendant's counsel presented to the State and the court a "Response to State's Oral Motion for Summary Denial of Defendant's Suppression Motion." In the "Response," defendant asserted that the officers' affidavit that was attached to their application for the search warrant was a sufficient affidavit to support defendant's motion. Defendant also asserted that because "[n]o facts that the defendant may supply the court by way of affidavit will alter the court's inevitable conclusion that the search warrant was based on insufficient evidence," summary denial of defendant's motion would be an unconstitutional application of G.S. 15A-977(c). Defendant also asserted the State should be estopped to move for summary denial because of the conduct of the prosecutor. In addition, defendant tendered an affidavit and asked the court to allow the filing of the affidavit in support of the original motion to suppress. The trial court found the motion to suppress was filed without an affidavit and the subsequent attempt to file an affidavit was untimely. The trial court then allowed the State's motion to dismiss the motion to suppress.

On the day defendant's case was calendared for trial, but prior to commencement of jury selection, defendant made another motion to suppress. Defendant's second motion contained the same assertions as the first, plus an assertion that the application for search warrant contained information the applicants knew or should have known was false. An affidavit was attached to this second motion to suppress. The trial court denied defendant's motion based on the premise that one trial court cannot overrule another. Defendant pled guilty to one count of felony possession of cocaine and appeals under G.S. 15A-979(b).

*Attorney General Thornburg, by Assistant Attorney General Grayson G. Kelley, for the State.*

*McNairy, Clifford, Clendenin and Parks, by Locke T. Clifford, for defendant-appellant.*

EAGLES, Judge.

Defendant's first argument is that the trial court abused its discretion in summarily dismissing her first motion to suppress. Defendant's second argument is that the trial court erroneously denied her second motion to suppress. We find no prejudicial error.

[1] A defendant who seeks to suppress evidence must comply with the procedural requirements of G.S. 15A-971, *et seq. See State v. Satterfield*, 300 N.C. 621, 624, 268 S.E. 2d 510, 513 (1980). Our General Assembly may impose reasonable prerequisites on motions to suppress evidence, and the failure to meet those requirements constitutes a waiver of the right to challenge the admission of the evidence at trial on constitutional grounds. *See State v. Detter*, 298 N.C. 604, 616, 260 S.E. 2d 567, 577 (1979). G.S. 15A-977(a) states that a motion to suppress evidence made before trial "must be accompanied by an affidavit containing facts supporting the motion. The affidavit may be based upon personal knowledge, or upon information and belief, if the source of the information and the basis for the belief are stated." G.S. 15A-977(c) provides that "[t]he judge may summarily deny the motion to suppress evidence if: . . . (2) The affidavit does not as a matter of law support the ground alleged." The decision to deny summarily a motion that is not accompanied by an affidavit is vested in the discretion of the trial court. *See State v. Harris*, 71 N.C. App. 141, 321 S.E. 2d 480 (1984).

Defendant's first motion to suppress merely states that the "warrant was illegally issued because it does not show probable cause" and that "the information contained in the warrant was stale at the time the warrant was issued." This initial motion was unverified and not accompanied by an affidavit as required by statute. Because the motion as filed did not comply with the requirements of G.S. 15A-977, the motion was subject to being summarily denied. *See State v. Holloway*, 311 N.C. 573, 319 S.E. 2d 261 (1984). We cannot say the trial court abused its discretion in denying defendant's initial motion to suppress.

[2] Defendant's second motion to suppress was filed on the day defendant's case was calendared for trial, but prior to jury selection. This motion to suppress was timely. *See* G.S. 15A-976, and official commentary ("This Article does not define when a trial 'begins,' but it is clear that the motion must be made before the jury is impaneled, as that is when jeopardy attaches."). Unlike

STATE v. LANGDON

[94 N.C. App. 354 (1989)]

the first motion, this motion was accompanied by an affidavit. Because defendant's second motion contained an additional allegation for suppression, the trial court erred in denying the motion on the premise that one trial court cannot overrule another in the same case. The additional allegation had not been presented to the trial court when it considered the first motion. However, defendant was not prejudiced by this error because the court could have summarily denied the motion under G.S. 15A-977(c), i.e., "[t]he af-fidavit does not as a matter of law support the ground alleged." *See State v. Holloway, supra.* The second motion to suppress alleges additionally that the application for search warrant and its attached affidavit "contained false information, the falsity of which was or should have been known to the applicants." G.S. 15A-978(a) provides that

> [a] defendant, may contest the validity of a search warrant and the admissibility of evidence obtained thereunder by con-testing the truthfulness of the testimony showing probable cause for its issuance. . . . For the purposes of this section, truthful testimony is testimony which reports in good faith the circumstances relied on to establish probable cause.

As this court has stated, G.S. 15A-978(a) permits a defendant to challenge only whether the affiant acted in good faith in including the information used to establish probable cause. *State v. Kramer*, 45 N.C. App. 291, 294, 262 S.E. 2d 693, 694, *cert. denied*, 300 N.C. 200, 269 S.E. 2d 627 (1980). The statute does not permit a defendant to attack the factual accuracy of the information relied upon to establish probable cause. *Id.* Although defendant's second motion to suppress questions the applicant's good faith, her affidavit in support of the motion merely attempted to point out factual inac-curacies in the officers' application for search warrant. Defendant's affidavit contains no facts to support her allegations of bad faith. Because defendant's affidavit failed to support the additional allega-tion contained in her motion, the motion was subject to being denied under G.S. 15A-977(c).

For the reasons stated, the judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.