STATE OF NORTH CAROLINA v. JAMES ROBERT BYNUM, DEFENDANT

No. 9210SC468

(Filed 7 September 1993)

1. **Evidence and Witnesses § 373 (NCI4th)— other offense committed by defendant—admissibility to show victim's state of mind**

   In a prosecution of defendant for taking indecent liberties with a minor and statutory sexual offense, the trial court did not err in admitting testimony by the victim that defendant, her stepfather, put her on the kitchen counter, took out a knife and sharpened it, and was going to kill her except that her mother walked into the room, since the evidence was not offered to show defendant's character but was instead offered to show the victim's state of mind; the evidence was probative on the issue of the victim's hesitancy in telling her mother of the alleged abuse; and the possible prejudicial effect of the testimony did not outweigh its probative value.

   **Am Jur 2d, Evidence § 360.**

2. **Rape and Allied Offenses § 19 (NCI3d)— taking indecent liberties with minor—failure to prove defendant's age—jury's inference reasonable**

   In a prosecution of defendant for taking indecent liberties with a minor, there was no merit to defendant's contention that the case should have been dismissed for failure of the

State to produce any evidence of his age, which was an essential element of the crime, since the jury could reasonably infer from its observation of defendant and other evidence that defendant was at least sixteen and that he was five years older than the victim, particularly in light of the fact that he was twenty-four years older than the age element of the crime.

**Am Jur 2d, Rape §§ 51, 88.**

Appeal by defendant from judgment entered 16 December 1991 by Judge Dexter M. Brooks in Wake County Superior Court. Heard in the Court of Appeals 13 April 1993.

Defendant was convicted on two counts of taking indecent liberties with a minor and one count of being a habitual felon. Defendant appeals the sentence of life imprisonment.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Alexander McC. Peters, for the State.*

*Cheshire, Parker, Hughes & Manning, by John F. Oates, Jr., for defendant-appellant.*

ORR, Judge.

Defendant was indicted and tried on two counts of taking indecent liberties with a minor, one count of statutory sexual offense, and one count of obtaining status as a habitual felon. The charges stem from two separate incidents involving the defendant's stepdaughter, Crystal Frances Rockriver.

Trial was held in Wake County Superior Court on 12 August 1991. The State called the alleged victim as a witness. She testified on direct examination that during the time that she lived with her stepfather, he had on one occasion told her to disrobe and lay on top of him, so that "her privates were touching his stomach . . ." and on another occasion, he had pushed his foot into her crotch. When questioned by the prosecutor during its case-in-chief as to the reason she waited over one year to report these incidents, the witness responded that she was afraid of the defendant. She further testified, over defense objection, as follows:

Q. Did Jim ever threaten you any other time that summer?

A. Un-uh

STATE v. BYNUM

[111 N.C. App. 845 (1993)]

Q. Okay. When and what happened?

A. Well, when he pulled out a knife, he had threatened me.

Q. When did he pull out a knife? Where were you?

A. I was in my bed. Mama told me to go to bed.

Q. If you can speak up; I can't hear you.

A. Okay. Well, my mama told me and Ryan to go to bed, and then Ryan went up and got on the couch, and Jim got me up, and he just made me walk into the kitchen, he kicked my back.

Q. And then what happened?

A. And then he put me up on the shelf—well, up on the counter, and then he pulled—he took out the knife, started to sharpen it with, you know, a knife sharpener. He started to sharpen it, sharpen it, and—

Q. Go ahead.

A. And then my mama came in because Ryan told her.

Q. What did Jim do with the knife when he sharpened it?

A. He was going to kill me.

After the close of all the evidence, the jury found the defendant guilty on both counts of taking indecent liberties with a minor. The defense then moved to overturn the verdicts on the grounds that the State had failed to introduce evidence that the defendant was over sixteen years old, an essential element of the crime of taking indecent liberties with a minor. At the time of the trial, the defendant was forty-one years old. The court denied the motion, and the defendant was sentenced to life imprisonment.

I.

[1] In his first assignment of error, defendant contends that the admission of the testimony regarding the knife threatening incident was beyond the scope of Rule 404(b)'s exceptions. We are compelled to disagree and therefore affirm the decision of the trial court.

N.C.G.S. § 8C-1, Rule 404(b) provides that:

> Evidence of other crimes, wrongs or acts is not admissible
> to prove the character of a person in order to show that he
> acted in conformity therewith. It may, however, be admissible
> for other purposes, such as proof of motive, opportunity, intent,
> preparation, plan, knowledge, identity, or absence of mistake,
> entrapment, or accident.

N.C.G.S. § 8C-1, Rule 404(b) (1986).

The courts of North Carolina have interpreted the exceptions
listed in Rule 404(b) as examples of "other purposes" and have
held that there is a "clear general rule of inclusion of relevant
evidence of other crimes, wrongs, or acts by a defendant, subject
to but *one exception* requiring its exclusion if its *only* probative
value is to show that the defendant has the propensity or disposi-
tion to commit an offense of the nature of the crime charged."
*State v. Coffey*, 326 N.C. 268, 278, 389 S.E.2d 48, 54 (1990) (emphasis
in original).

"Evidence of other offenses is *admissible* so long as it is *rele-
vant to any fact or issue other than* the character of the person
accused." *State v. Stager*, 329 N.C. 278, 302, 406 S.E.2d 876, 889
(1991) (quoting *Coffey*, 326 N.C. 268, 278, 389 S.E.2d 48, 54 (1990)).
Therefore, even though evidence presented may tend to show that
the defendant may have committed other crimes or "bad acts",
or that the defendant had a propensity to commit those acts, it
will be admissible if it is relevant for some other purpose. *Stager*
at 303, 406 S.E.2d at 890.

*State v. Morgan*, 315 N.C. 626, 340 S.E.2d 84 (1986), set forth
the procedure to be followed in considering the admissibility of
evidence pursuant to Rule 404(b). The trial court must first make
the determination that the evidence is of the type and offered
for a proper purpose under the rule. *See State v. Cummings*, 326
N.C. 298, 389 S.E.2d 66 (1990). Next, a determination of relevancy
should be made. Relevancy is defined as "any tendency to make
a fact that is of consequence to the determination of the action
more probable or less probable than it would be without the
evidence." N.C.G.S. § 8C-1, Rule 401 (1986). Upon a finding that
the evidence offered is of the type intended, that its purpose is
other than to show propensity, and that it is relevant, the trial
judge is then required to balance the probative value of the extrin-

sic conduct evidence against its prejudicial effect. *Morgan*, at 640, 340 S.E.2d at 91.

The State contends that the above testimony was elicited to show the victim's state of mind, explaining the delay in reporting the incidents to her mother. In *State v. Barnes*, 77 N.C. App. 212, 334 S.E.2d 456 (1985), *disc. review denied*, 315 N.C. 392, 338 S.E.2d 881 (1986), on facts similar to those in the case at bar, an incest victim was permitted to testify that she was afraid of her father because he was mean. There, the trial court found that the state of mind of the victim was relevant evidence and admitted for a proper purpose. "The disputed evidence was not elicited to show the bad character of the defendant, but to explain why [she] had not told her mother about the incident." *Barnes*, at 216, 334 S.E.2d at 458. Likewise, here the evidence was not proffered to show the defendant's character, but to show that Crystal was afraid of her father. Even though no further testimony was elicited from the witness in *Barnes* to explain what specific acts made the child think her father was mean, the inclusionary nature of the rule allows evidence of other acts, crimes, or wrongs, unless its only purpose is to show the character of the defendant or his propensity to commit the crime charged. Therefore, the last determination that the trial judge was required to make was whether the testimony's probative value outweighed the prejudicial effect under Rule 403.

The record indicates that the trial court conducted a *voir dire* hearing in order to rule on the admission of the disputed testimony. The court found that the "testimony of the witness is relevant to the issue of the delayed reporting, and weighing the evidence under Rule 403, [the court found] that it's not unduly prejudicial." Whether or not to exclude evidence under Rule 403 is a matter within the sound discretion of the trial judge. *State v. Schultz*, 88 N.C. App. 197, 362 S.E.2d 853 (1987), *aff'd*, 322 N.C. 467, 368 S.E.2d 386 (1988). His decision will not be reversed absent an abuse of that discretion. *State v. Jones*, 89 N.C. App. 584, 367 S.E.2d 139 (1988).

In the case *sub judice*, the prosecutor's questions concerning Crystal's state of mind were relevant and probative on the issue of her hesitancy in telling her mother of the alleged abuse. The possible prejudicial effect to the defendant did not outweigh these

factors. We conclude therefore that there was no error in the trial court's ruling on its admission.

## II.

[2] Defendant next asserts that the trial court erred in denying defendant's motion to dismiss the case for insufficiency of evidence. He argues that the State failed to produce any evidence of his age, and that age is an essential element of the crime he is charged with. The offense of taking indecent liberties with a child, a felony, is set forth at N.C. Gen. Stat. § 14-202.1 which provides:

(a) A person is guilty of taking indecent liberties with any child if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for a purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C.G.S. § 14-202.1 (1986). Defendant does not dispute that his alleged conduct falls within the purview of both subsections of the statute. However, defendant argues that the State offered no specific evidence on the first element of the offense which requires defendant to be at least sixteen years of age.

However, "a jury may base its determination of a defendant's age on its own observation of him even when the defendant does not testify." *State v. Gray*, 292 N.C. 270, 286, 233 S.E.2d 905, 915-16 (1977). The defendant was in fact forty-one years old at the time of the trial. Testimony was given that showed that the defendant married the victim's mother in 1987. The defendant was present in the courtroom during the trial so that the jury could see him. There was evidence that the defendant drank alcoholic beverages and had done so for a number of years.

The jury could reasonably infer that the defendant was at least sixteen, and that he was five years older than the victim, particularly in light of the fact that he was twenty-four years older than the age element of the crime. Accordingly, this assignment of error is also overruled.

**WALKER v. N.C. DEPT. OF E.H.N.R.**

[111 N.C. App. 851 (1993)]

No error.

Judges JOHNSON and McCRODDEN concur.