STATE OF NORTH CAROLINA v. VAUGHN WOOLRIDGE, A/K/A PAUL REED

No. COA00-1472

(Filed 18 December 2001)

**1. Search and Seizure— initial exclusion of heroin—subsequent admission by a different judge—inevitable discovery**

There was no error in a heroin prosecution where the judge who heard defendant's motion to suppress the heroin ruled that there were no exigent circumstances for the warrantless search and granted defendant's motion; the State moved during pretrial motions before a different judge to admit the heroin under the inevitable discovery doctrine; and this judge granted the motion. A second judge is not precluded from hearing a new motion to suppress if new allegations are presented; in this case, the only question in the first hearing was whether the heroin was properly seized without a warrant.

**2. Search and Seizure— inevitable discovery—bad faith by officer irrelevant**

There was no error in admitting heroin under the inevitable discovery doctrine where there was sufficient evidence upon which the judge could conclude that the State fulfilled its burden of proving that the evidence would have been inevitably discovered in a search pursuant to a valid search warrant. Any bad faith on the part of the investigating officer in searching without a warrant is not relevant to the determination of inevitable discovery.

**3. Evidence— other dismissed charges—intent, knowledge and plan**

The trial court did not abuse its discretion in a heroin prosecution by admitting evidence of other dismissed heroin charges against defendant where the other charges involved the same controlled substance, the same codefendant, occurred less than one month prior to defendant's arrest on these charges, and the State argued that the charges showed intent, knowledge, and plan. Adjudication of guilt is not a prerequisite for admittance of other crimes under N.C.G.S. § 8C-1, Rule 404(b), the findings of the trial court show that it followed all of the appropriate steps in determining the admissibility of the evidence, there was competent evidence to support its findings, and the trial court gave the jury a limiting instruction.

Appeal by defendant from judgments entered 5 May 2000 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 18 October 2001.

*Attorney General Roy Cooper, by Assistant Attorneys General Joyce S. Rutledge and William B. Crumpler, for the State.*

*The Law Offices of James D. Williams, Jr., P.A., by James D. Williams, Jr., for defendant-appellant.*

WALKER, Judge.

On 18 December 1997, the Raleigh Police Department received information from a confidential informant that defendant was involved in heroin sales originating from his apartment. Sergeant M.E. Glendy of the Raleigh Police Department set up surveillance and observed the defendant walk out of his apartment, sit briefly in a

chair on the porch and then go back inside. He then saw the defendant leave with Darren Miller in a green Acura.

The police followed the Acura and initiated a stop, believing the defendant was wanted for a parole violation. Because an identification could not be done on site, the police transported both men to the Raleigh Police Department where it was determined that the defendant was in fact wanted for a parole violation. While at the station, Mr. Miller spoke with police officers and stated that he was staying at the defendant's apartment and that he sold heroin for the defendant. Based on this information, the police began the process of obtaining a search warrant for defendant's apartment.

Meanwhile, the surveillance of the apartment continued. Detective A.J. Wisniewski of the Raleigh Police Department testified that he was watching the apartment when he saw a man walk onto the defendant's porch and attempt to remove two chairs from it. Detective Wisniewski approached this person and determined he was a bondsman who had come to pick up the chairs. After some discussion, the bondsman left without the chairs.

Detective Wisniewski became suspicious and examined the chairs. After tipping one chair back, he noticed the lining had been cut away. When he turned the chair over, he could see a package in a cavity in the chair bottom. He retrieved the package, opened it, and recognized it to be heroin. He then placed the package in his car before continuing his surveillance of the apartment. He observed another person approach the chairs on the porch. Detective Wisniewski described the actions of this man as he "frantically starts to look around these chairs, starts to look around the balcony to where they [sic] were almost on their [sic] hands and knees. . . . [I]t was obvious he was searching for something." Thereafter, police officers arrived and executed a search warrant. Detective Wisniewski turned over the heroin which he found in the chair.

At trial, the defendant testified on his own behalf and denied knowledge of heroin anywhere in his home including under the chair on his porch. He also denied seeing Mr. Miller with any drugs in his home.

Before trial, the defendant filed a motion to suppress the heroin seized by Detective Wisniewski. The State argued that the search without a warrant was legal due to exigent circumstances. At a hearing on 28 September 1999, Judge Abraham P. Jones granted the

motion. Judge Jones followed up his oral findings and conclusions with a written order, which was filed on 28 April 2000 and concluded in pertinent part:

> 1. At the time Detective Wisniewski looked under the chair and retrieved the heroin, a search warrant had not been issued.
>
> 2. That there did not exist at the time any exigent circumstances so as to warrant a search by the Detective.

On 1 October 1999, the State filed notice of appeal but did not perfect the appeal.

Defendant's cases were then calendared for trial on 1 May 2000. During pre-trial motions, the State moved the trial court, Judge Orlando Hudson presiding, to admit the heroin into evidence. The State argued that even if an illegal search and seizure had occurred, the heroin would be admissible under the "inevitable discovery doctrine." After hearing the matter, Judge Hudson found that at the first hearing "Judge Jones did not consider, nor did the State argue, the applicability of the inevitable discovery exception." As such, in his discretion, Judge Hudson determined that inevitable discovery applied to the facts of this case. Specifically, he found that "although the heroin was illegally seized, it would have been inevitably legally discovered and seized pursuant to a legal search of the building."

At the trial, the heroin was admitted into evidence over the objection of the defendant. Defendant was convicted of trafficking in heroin by possession, trafficking in heroin by manufacture, conspiracy to traffic in heroin and maintaining a dwelling used for the keeping and selling of controlled substances.

[1] Defendant first assigns as error Judge Hudson's hearing the State's motion to admit the heroin after it had already been suppressed by Judge Jones. Defendant argues that Judge Hudson, in hearing arguments on inevitable discovery and ruling the heroin admissible, overruled Judge Jones. At the initial suppression hearing, Judge Jones concluded that the search by Detective Wisniewski was performed without a search warrant and at the time of the search, there were no exigent circumstances; thus, it was an illegal search. Based on these conclusions, Judge Jones suppressed the heroin seized from the defendant's apartment. However, he specifically limited his order by stating, "This ruling does not affect any subsequent search based upon the warrant issued and executed in this case."

After hearing evidence and arguments, Judge Hudson found in part the following:

> The Court does find at this time that Judge Jones did find, based on the motion to suppress, an illegal search. The Court, however, finds that Judge Jones never addressed whether the inevitable discovery exception applied to the facts as he found them to be. The Court finds that at this time the State can raise this issue for the first time. The Court finds that the State did not waive its right to argue this motion. The Court finds no prejudice to the defendant. The Court further allows the State's argument in the interest of justice.

Under the inevitable discovery doctrine, evidence which is illegally obtained can still be admitted into evidence as an exception to the exclusionary rule when "the information ultimately or inevitably would have been discovered by lawful means." *U.S. v. Nix*, 467 U.S. 431, 444, 81 L. Ed. 2d 377, 387-88 (1984). Thus, a determination of an illegal search does not preclude a separate determination that the exclusionary rule does not apply because of the inevitable discovery doctrine.

Our Court has held that even though a defendant's motion to suppress has been denied, if new allegations are presented that have not been previously addressed, a second trial court is not precluded from hearing the new motion to suppress. *State v. Langdon*, 94 N.C. App. 354, 380 S.E.2d 388 (1989). Here, in the suppression hearing before Judge Jones, the only question was whether the heroin was properly seized without a warrant. Judge Jones concluded a search warrant was necessary. A later determination by Judge Hudson that the inevitable discovery doctrine applies does not overrule the order of Judge Jones stating that the heroin was illegally seized.

Thus, there was no error in the re-hearing of the motion to suppress and admitting the heroin into evidence on the basis of the inevitable discovery doctrine.

[2] Defendant further contends the trial court erred in admitting the heroin since the inevitable discovery doctrine is not applicable. Under this doctrine, the prosecution has the burden of proving that the evidence, even though obtained through an illegal search, would have been discovered anyway by independent lawful means. *Nix*, 467 U.S. at 444, 81 L. Ed. 2d at 387-88; *State v. Garner*, 331 N.C. 491, 417 S.E.2d 502 (1992). Our Supreme Court recognized that inevitable dis-

covery should be determined on a case-by-case basis. *Garner*, 331 N.C. at 503, 417 S.E.2d at 508. The Court also specifically rejected the requirement that the State prove an absence of bad faith by law enforcement. *Id.* at 507, 417 S.E.2d at 511. "[I]f the State carries its burden and proves inevitable discovery by separate, independent means, thus leaving the State in no better and no worse position, any question of good faith, bad faith, mistake or inadvertence is simply irrelevant." *Id.* at 508, 417 S.E.2d at 511.

At the second hearing, Officer Glendy testified that he was preparing the search warrant when he learned of the discovery of the heroin. He testified, "That information [regarding the discovery of the heroin beneath the chair] was not located in the search warrant. . . . And none of that information was used to base the search warrant on." He also testified that the chairs in front of the apartment would have been searched pursuant to the search warrant even if the heroin had not already been found. He stated, "That's normal practice. Anything that's in front of an apartment or building, house, residence, carport, it would have been searched. . . ." Detective Wisniewski testified that if he had not already searched the chairs, he would have "most definitely" checked them when executing the search warrant because of the interest shown in the chairs which he had observed.

Judge Hudson concluded "the State has carried its burden for proving that, although the heroin was illegally seized, it would have been inevitably legally discovered and seized pursuant to a legal search of the building." There was sufficient evidence upon which Judge Hudson could conclude that the State fulfilled its burden of proving that the evidence would have been inevitably discovered in a search pursuant to a valid search warrant. Any bad faith on the part of the investigating officer in searching without a warrant is not relevant to the determination of inevitable discovery. Thus, we conclude there was no error in admitting the heroin under the inevitable discovery doctrine.

**[3]** Defendant finally contends the trial court erred in admitting evidence of other dismissed heroin charges against him. Defendant contends he was unduly and unfairly prejudiced by admitting evidence of these dismissed charges.

At trial, the State presented evidence of criminal charges previously brought against the defendant but which had already been dismissed prior to this trial. The trial court held a Rule 404(b) hearing to determine whether this evidence was admissible. N.C. Gen.

Stat. § 8C-1, Rule 404(b) (1999). Corporal M.D. Berendsen of the Durham County Police Department testified about his investigation, search, and arrest of the defendant and Mr. Miller for possession of heroin in Durham County on 25 November 1997. These charges in Durham County involved the same controlled substance, the same co-defendant, and occurred less than one month prior to defendant's arrest on the Wake County criminal charges in the present action. The State argued that the evidence of the charges in Durham County, although ultimately dismissed, showed intent, knowledge, and a plan on the part of the defendant and thus was admissible pursuant to Rule 404(b).

At the Rule 404(b) hearing outside of the presence of the jury, defendant testified on the issue of the admissibility of the Durham County charges and denied any involvement in heroin charges in Durham County. After a hearing, the trial court made findings as follows in part:

> What I don't believe is the evidence that's been offered by the Defendant, totally untruthful summation of the facts that occurred on November 25, 1997. Court does accept the version of the facts as tendered by the State, through which evidence Court finds the fact that the arrest of the Defendant, Mr. Thomas/Miller, and the confiscation of the controlled substance from them, and their charges are relevant to the issues involved in this case; that is the intent of the Defendant, his knowledge of controlled substances, and common scheme or plan that he developed to traffic heroin and other controlled substances in this state. . . . Court finds that its relevance outweighs any prejudicial effect that this evidence may have.

The Court concluded that the testimony regarding the Durham County heroin charges from 25 November 1997 was admissible.

N.C. Gen. Stat. § 8C-1, Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

Adjudication of guilt is not a prerequisite for admittance of other crimes under this rule. *State v. Weldon*, 314 N.C. 401, 333 S.E.2d 701

(1983). Our Supreme Court has held, "Any fact or facts tending to prove defendant's guilty knowledge may be offered against defendant when guilty knowledge is, as here, an issue in the case. Such facts may or may not show that defendant is guilty of another crime. Obviously such a showing is not prerequisite to admissibility. The only prerequisite to admissibility is that the evidence be probative on the question of defendant's guilty knowledge." *Id.* at 406, 333 S.E.2d at 704.

Our Court has held that "[e]ven though evidence presented may tend to show that the defendant may have committed other crimes or 'bad acts', or that the defendant had a propensity to commit those acts, it will be admissible if it is relevant for some other purpose." *State v. Bynum*, 111 N.C. App. 845, 848, 433 S.E.2d 778, 780, *disc. review denied*, 335 N.C. 239, 439 S.E.2d 153 (1993). To determine admissibility, the trial court must first determine whether the evidence is being offered for a proper purpose under Rule 404(b). *Id.* The trial court should then determine whether the evidence is relevant to the present charges. *Id.* Finally, it must apply a Rule 403 balancing test as to the probative value of the evidence against its prejudicial effect. *Id.*

Whether to exclude evidence of other crimes or bad acts is a matter within the sound discretion of the trial court. *Bynum*, 111 N.C. App. at 849, 433 S.E.2d at 781. Thus, the standard of review is whether the trial court abused its discretion in admitting the evidence. Here, the findings of the trial court show that it followed all of the appropriate steps in determining the admissibility of evidence of the dismissed Durham County charges. There was competent evidence to support its findings which in turn support its conclusion. Furthermore, the trial court gave a limiting instruction to the jury on consideration of this evidence. Jurors are presumed to follow instructions given by the trial court. *State v. Rouse*, 339 N.C. 59, 92, 451 S.E.2d 543, 561 (1994), *reconsideration* denied, 339 N.C. 619, 453 S.E.2d 188, *cert. denied*, 516 U.S. 832, 133 L. Ed. 2d 60 (1995). After a careful review, we find that the trial court did not abuse its discretion in admitting evidence of heroin charges in Durham County even though they had been dismissed.

In conclusion, we find there was no error in Judge Hudson's holding a hearing and admitting the seized heroin under the inevitable discovery doctrine. Further, the trial court did not err in admitting evidence of previously dismissed heroin charges against the defendant.

No error.

Judges MARTIN and TYSON concur.