STATE OF NORTH CAROLINA
v.
LESLIE DALE BETTIE
No. COA08-1015.
Court of Appeals of North Carolina.
Filed April 7, 2009.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.
James N. Freeman, Jr., for defendant-appellant.
ROBERT N. HUNTER, Jr., Judge.
Leslie Dale Bettie ("defendant") appeals judgments entered after a jury found him guilty of: (1) possession with intent to manufacture, sell or deliver cocaine pursuant to N.C. Gen. Stat. § 90-95(a)(1); (2) maintaining a dwelling house used for keeping or selling a controlled substance pursuant to N.C. Gen. Stat. § 90-108(a)(7); (3) possession of drug paraphernalia pursuant to N.C. Gen. Stat. § 90-113.22; and (4) possession with intent to manufacture, sell or deliver methamphetamine pursuant to N.C. Gen. Stat. § 90-95(a)(1). We hold there to be no error in the jury's verdict or the judgments entered thereon.

I. Background
On 6 March 2007, a multiple agency narcotics unit task force comprised of officers from Cherokee and Clay Counties executed a "high risk search warrant" on a home in Warne, North Carolina. When the officers arrived at the house, they knocked on the front door and announced who they were. After receiving no response, Special Agent Kenneth Wayne Lovingood ("Agent Lovingood") kicked open the front door.
Defendant "was coming out of the bedroom . . . dressed in a tee-shirt and underwear" as the officers entered the home. Two other individuals were discovered in a locked second bedroom. The officers searched defendant and the other individuals, handcuffed them, and took them outside. The officers then searched the home. Marijuana, methamphetamine, and various drug paraphernalia were found inside the home.
Defendant was indicted on 9 April 2007 for: possession with intent to manufacture, sell, and deliver cocaine; maintaining a dwelling for keeping and selling a controlled substance; possession of drug paraphernalia; and possession with intent to manufacture, sell, and deliver methamphetamine. At trial, defendant testified on his own behalf. A jury found defendant guilty of all charges on 20 September 2007. The trial court found defendant to be a prior record level III offender and sentenced him to three consecutive sentences, two for a minimum of ten and a maximum of twelve months' incarceration and the third for a minimum of six and a maximum of eight months' incarceration. The third sentence was suspended forthirty-six months' probation to begin at the expiration of the active sentences. Defendant appeals.

II. Issues
Defendant argues the trial court erred when it: (1) allowed the State to enter his federal prison identification into evidence and (2) denied his motion to dismiss the charge of maintaining a dwelling.

III. Federal Prison Identification
Defendant argues the trial court erred when it admitted into evidence his "federal prison identification, as this impermissibly alerted the jury to defendant's prior criminal record prior to him testifying . . . ." We disagree.
"Whether or not to exclude evidence under Rule 403 is a matter within the sound discretion of the trial judge. His decision will not be reversed absent an abuse of that discretion." State v. Bynum, 111 N.C. App. 845, 849, 433 S.E.2d 778, 781 (citation omitted), disc. review denied, 335 N.C. 239, 439 S.E.2d 153 (1993). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." State v. Riddick, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) (citations omitted).
At trial, defendant objected to the admissibility of a photograph depicting his federal prison identification, a syringe, and a glass pipe. After conducting a voir dire hearing on the admissibility of the photograph, the trial court entered the following oral order:
After hearing the evidence presented and the arguments of counsel for the State and counsel for the defendant, the Court makes the following findings of fact:
(1) That during the course of the search and the day in question that the bedroom of a residence where the defendant was located . . . certain items were found.
(2) That during the execution of the search warrant the defendant . . . was found at the residence and prior to the execution of the search warrant [Agent] Lovingood had information that the defendant was living or residing at that residence and was involved in drug transactions or the use of controlled substances.
(3) That upon the search of the bedroom in question a dresser was located just inside the bedroom and a search of the dresser produced items shown in State's Exhibit #36; to wit, a glass pipe, a syringe and a United States Department of Justice Federal Bureau of Prisons card containing . . . a photograph of the defendant . . . .
(4) That the defendant now contends that should the exhibit be introduced into evidence the defendant would suffer prejudice and that the introduction of the said exhibit would be merely cumulative evidence.
(5) That during the testimony of this case . . . [Agent] Lovingood[] previously testified that the defendant had served a prison sentence or reference was made to the defendant being in prison; that the defendant did not object to that testimony; that the admission of this . . . exhibit would not bring to the attention of the jury any information that the jury has not already heard or does not already know.
(6) That the State is seeking to prove that the defendant possessed controlled substances with the intent to manufacture, sell and/or deliver and a necessary element of these offenses is that the defendant did, in fact, possess the said substances.
(7) That inasmuch as the said substances were found in a bedroom, allegedly the defendant's bedroom, that the State must prove and connect the defendant to the said bedroom; that the exhibit in question is relevant evidence as to this necessary element which the State has the burden of proving.
(8) That evidence is not rendered inadmissible simply because the evidence may be cumulative evidence; that some reference, as the defendant contends, has already been made to the said bedroom being the defendant's bedroom; but that the evidence in question is not unduly cumulative and is admissible in this case.
Based upon the above findings of fact, the Court makes the following conclusions of law:
(1) That all of the above findings of fact are hereby adopted as conclusions of law.
(2) That the evidence is relevant and relates directly to elements of the offenses that the State has the burden of proving.
(3) That assuming the evidence to be prejudicial to the defendant that the probative value of the evidence outweighs any prejudicial affect to the defendant.
(4) That the North Carolina Rules of Evidence are rules of inclusion rather than exclusion.
(5) That the admission of the said evidence in question would help the jury to obtain a better understanding of all the facts involved in the cases for which the defendant is now being tried and would help a jury to understand and hear the complete and whole story in these cases.
(6) That the objection of the defendant is without merit and should be overruled.
(7) That the admission of the exhibit in question does not and would not violate any of the defendant's legal or constitutional rights provided to him under the law and constitution of the State of North Carolina or under the laws and constitution of the United States.
Based upon the above findings of fact and conclusions of law, it is therefore ordered that the defendant's objection to the said exhibit be and is hereby overruled, and the State is hereby allowed to present the said exhibit into evidence before the jury.
Defendant has failed to show "that [the trial court's] ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." Id. (citations omitted). The trial court therefore did not abuse its discretion when it allowed the State to admit the photograph containing defendant's federal prison identification into evidence. This assignment of error is overruled.

IV. Motion to Dismiss
Defendant argues the trial court erred when it denied his motion to dismiss the charge of maintaining a dwelling house for insufficiency of evidence relating to the element of keeping or maintaining. We disagree.
The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (citation omitted). "Substantial evidence is `such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" State v. Vause, 328 N.C. 231, 236, 400 S.E.2d 57,61 (1991) (citation omitted). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998) (citation omitted). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996) (citation omitted), cert. allowed in part and denied in part, 348 N.C. 507, 506 S.E.2d 252 (1998).
N.C. Gen. Stat. § 90-108 (2007) states:
(a) It shall be unlawful for any person:
. . . .
(7) To knowingly keep or maintain any . . . dwelling house . . . which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article[.]
(Emphasis added.)
Defendant contends the State did not present sufficient evidence that he kept or maintained the dwelling house because he returned to the home only ten days before the officers served the warrant. The State's evidence presented at trial tended to establish that: (1) various drug paraphernalia was found in the house; (2) a pair of trousers with a wallet containing defendant's photo identification and controlled substances was found in the bathroom; (3) defendant's federal prison identification was found on a dresser in a bedroom of the house; (4) defendant lived in the house with his wife and paid rent for the past fourteen years, minus the time he was incarcerated; (5) defendant was in federal prison until 9 February 2007; and (6) defendant and his wife kept the doors on the home locked all the time.
Viewing the evidence in the light most favorable to the State, sufficient evidence was presented of the element of keeping or maintaining the dwelling house. The trial court properly denied defendant's motion to dismiss the charge of maintaining a dwelling for keeping and selling a controlled substance. This assignment of error is overruled.

V. Conclusion
The trial court did not abuse its discretion when it allowed a photograph depicting defendant's federal prison identification into evidence. The State presented sufficient evidence of the element of keeping or maintaining in the charge of maintaining a dwelling for keeping and selling a controlled substance. The trial court properly denied defendant's motion to dismiss the charge of maintaining a dwelling. We hold there to be no error in the jury's verdict or the judgment entered thereon.
No error.
Judges HUNTER, Robert C., and CALABRIA concur.
Report per Rule 30(e).