STATE v. WELLS

[225 N.C. App. 487 (2013)]

STATE OF NORTH CAROLINA
v.
RICHARD BRANDON WELLS

No. COA12-491

Filed 5 February 2013

**Search and Seizure—inevitable discovery—no evidence**

The trial court erred by denying defendant's motion to suppress evidence seized from his laptop computer. Defendant's statement regarding the location of his computer was suppressed because it resulted from a promise, hope, or reward and there was no competent evidence to support the trial court's finding that his laptop computer would have inevitably been discovered.

Appeal by defendant from judgments entered 7 September 2011 by Judge Ronald E. Spivey in Guilford County Superior Court. Heard in the Court of Appeals 27 September 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Anita LeVeaux, for the State.*

*Kevin P. Bradley for defendant appellant.*

McCULLOUGH, Judge.

Richard Brandon Wells ("defendant") appeals from his convictions for Soliciting a Child by a Computer and Attempted Indecent Liberties with a Child on the grounds that the trial judge erred in denying his motion to suppress evidence obtained from his seized laptop computer. We agree.

I. Background

Warrants were issued for defendant's arrest on charges of Soliciting a Child by a Computer and Attempted Indecent Liberties with a Child on 11 March 2010 for communications and acts with an online profile believed by defendant to be associated with a child of less than 16 years of age. Defendant's correspondence with the online profile occurred between the dates of 4 May 2009 and 5 March 2010. In addition to the arrest warrants, a search warrant was issued authorizing the seizure of computers from defendant's house at 554 Howard Tant Road.

The same day the warrants were issued, Guilford County detectives traveled to Raleigh to arrest defendant and execute the search warrant. Detectives arrived at defendant's house to find that defendant was not present. Furthermore, execution of the search warrant yielded no evidence.

Thereafter, the police contacted defendant's place of employment, the Raleigh Fire Department, Spring Forest Road Station, in order to locate defendant. Defendant, who was at the station, was notified that police were going to arrest him. Opting to avoid arrest at the fire station, a senior fire official drove defendant to the Raleigh police substation on Litchford Road, at which point defendant was taken into custody.

After being taken into custody, defendant was read his *Miranda* rights. Defendant initially indicated that he was unsure whether he wanted an attorney. But when the detective responded that he could not tell him anything further than what was on the arrest warrant and would have to take him back to Guilford County, defendant proceeded to waive his rights.

During questioning, detectives elicited statements from defendant by telling him that the more he helped them, the more they could help him; and that if he was cooperative, they would inform the court and the district attorney that he had been cooperative. In response, defendant answered questions, including informing detectives that he owned a Dell laptop computer that was located on his bed at the fire station. As a result of the information obtained, the police seized defendant's laptop from the fire station.

Defendant was indicted on both charges on 6 July 2010. Before the case came on for trial, defendant filed a Motion to Suppress Statements and a Motion to Suppress Evidence. On 6 May 2011, an Order was filed ruling on defendant's suppression motions. Defendant's motion regarding his statements was granted on the grounds that the statements were involuntary and resulted from a promise, hope or reward. Defendant's motion regarding the evidence retrieved from his laptop computer was denied based on a finding "[t]hat the location of the computer would have been discovered inevitably by law enforcement officials[]" and, therefore, the conclusions that "[t]he search and seizure of the defendant's computer was lawful[]" and "[t]hat the [laptop] computer was lawfully seized[.]"

At trial, the jury found defendant guilty. Defendant was sentenced to consecutive terms of 14-17 months and 6-9 months, the latter term suspended on the condition that defendant serve 24 months of supervised probation. Defendant appeals.

## II. Analysis

The sole issue on appeal is whether the trial court erred in denying defendant's motion to suppress the evidence seized from his laptop computer.

When reviewing a trial court's denial of a motion to suppress, we are "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law, however, are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

Here, defendant specifically contends that there is no competent evidence to support the trial court's finding that his laptop computer would have inevitably been discovered. We agree.

"[T]he 'exclusionary rule[]' . . . provides that evidence derived from an unconstitutional search or seizure is generally inadmissible in a criminal prosecution of the individual subjected to the constitutional violation." *State v. McKinney*, 361 N.C. 53, 58, 637 S.E.2d 868, 872 (2006). Furthermore, "[w]hen evidence is obtained as the result of illegal police conduct, not only should that evidence be suppressed, but all evidence that is the 'fruit' of that unlawful conduct should be suppressed." *State v. Pope*, 333 N.C. 106, 113-14, 423 S.E.2d 740, 744 (1992) (citing *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441 (1963)).

In this case, the trial court granted defendant's motion to suppress statements elicited from defendant during police interrogation on the ground that the statements "were obtained as a result of promise, hope or reward[]" and therefore involuntary. The State does not challenge this ruling, and therefore we accept the trial court's conclusions. However, in ruling on defendant's motion to suppress evidence seized from his laptop computer, the trial court held the search and seizure to be lawful based on the finding "[t]hat the location of [defendant's] computer would have been discovered inevitably by law enforcement officials[.]"

North Carolina, like the majority of jurisdictions, has adopted the inevitable discovery exception to the exclusionary rule, discussed by the United States Supreme Court in *Nix v. Williams*, 467 U.S. 431, 81 L. Ed. 2d 377 (1984). *See State v. Garner*, 331 N.C. 491, 417 S.E.2d 502 (1992) (adopting the inevitable discovery rule in North Carolina). "Under the inevitable discovery doctrine, evidence which is illegally obtained can still be admitted into evidence as an exception to the exclusionary rule when 'the information ultimately or inevitably would have been discovered by lawful means.' " *State v. Woolridge*, 147 N.C. App. 685, 689, 557 S.E.2d 158, 160 (2001) (quoting *Nix*, 467 U.S. at 444, 81 L. Ed. 2d at 387–88), *rev'd on other grounds*, 357 N.C. 544, 592 S.E.2d 191 (2003). Inevitable discovery is to be determined on a case-by-case basis. *Garner*, 331 N.C. at 503, 417 S.E.2d at 508. "[T]he prosecution has the burden of proving that the evidence, even though obtained through an illegal search, would have been discovered anyway by independent lawful means." *Woolridge*, 147 N.C. App. at 689, 557 S.E.2d at 161 (citing *Nix*, 467 U.S. at 444, 81 L. Ed. 2d at 387-88). The State must do so by a preponderance of the evidence. *Garner*, 331 N.C. at 503, 417 S.E.2d at 508-09 (citing *Nix*, 467 U.S. at 444 n.5, 81 L. Ed. 2d at 388 n.5).

Although it seems entirely logical that the police would search the fire station for evidence regarding defendant's crimes and discover the location of the laptop computer, there is no evidence in the record to support this assumption. At the suppression hearing, the only argument supporting inevitable discovery was defense counsel's statement that:

> When they wouldn't have found the computer at his house, it's not even a remote stretch to go—they knew exactly where he was prior to this and that's where they would have gone. It wouldn't take a whole lot of effort to be able to make that connection and go look for the computer where he was located.

This type of conclusory statement by counsel is not the type of evidence from which "independent lawful means" have been found to support a finding of inevitable discovery.

As previously stated, although we acknowledge that it seems logical that the laptop computer would have been discovered, the State failed to provide any evidence in this case, either through testimony concerning common practices of the fire department for inventorying employee's belongings or through testimony regarding continued

search efforts in this case, indicating that investigating officers would have located the laptop.

Instead, the State asserts various arguments on appeal in an attempt to bolster the validity of the search and seizure of defendant's laptop computer. These arguments lack merit.

The State first contends that defendant impliedly consented to the search of his laptop computer by telling the detectives where it was located. This argument must fail, as it entirely ignores the trial court's unchallenged conclusions that defendant's statements "were obtained as a result of promise, hope or reward" and were therefore "given involuntarily."

The State next argues that defendant had no reasonable expectation of privacy in the laptop placed in a common living area in a fire station. While the State may be correct in asserting defendant had no reasonable expectation of privacy, we need not address this issue in the present case given that "those subjected to coercive police interrogations have an *automatic* protection from the use of their involuntary statements (or evidence derived from their statements) in any subsequent criminal trial." *Chavez v. Martinez*, 538 U.S. 760, 769, 155 L. Ed. 2d 984, 995 (2003) (citations omitted); *see also Wong Sun*, 371 U.S. at 488, 9 L. Ed. 2d at 456 (stating that "the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence . . . has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' ") (quoting *Maguire*, Evidence of Guilt, 221 (1959)). The critical analysis concerning inevitable discovery is not whether defendant had a reasonable expectation of privacy based on where the laptop computer was located, but instead whether the laptop computer would have been discovered by independent lawful means. For the same reason, the State's third argument, that a valid search warrant authorized the seizure of data off the laptop computer, fails because the fact that investigators applied for a search warrant to retrieve the laptop computer's contents does not eliminate the taint that led to the discovery and seizure of the laptop computer in the first instance.

The State's final argument is that discovery of the laptop computer was inevitable because the laptop computer was known to be in existence and was the focal point of the investigation. We do not doubt either of the State's assertions; however, having knowledge that the laptop computer exists is entirely different than knowing

where the laptop computer may be found. At the hearing on defendant's motions to suppress, no evidence was presented to the trial court to show how or when the laptop computer would have been discovered by independent lawful means.

### III.  Conclusion

Although it is reasonable that police would inevitably discover defendant's laptop computer, competent evidence must support such a finding. Where there is no evidence supporting the trial court's finding of inevitable discovery in this case, we hold that the trial court erred in denying defendant's motion to suppress the evidence seized from his laptop computer. Accordingly, we order a new trial.

New trial.

Judges HUNTER, JR., (Robert N.), and ERVIN concur.